## No. 3314.

### Adam H. Carraway *v.* The Merchants' Mutual Insurance Company.

The plaintiff sues defendant for the alleged loss of a stock of goods by fire. The only important question in the case is, whether the action is barred, because it was not brought within one year from the date of the loss. The fifteenth condition of the policy provides: "All claims under this policy are barred unless prosecuted within one year from the date of the loss. No claim for loss to bear interest before judicial demand."

The court finds nothing doubtful or ambiguous in this clause of the policy. It means what it says: "That all claims under the policy are barred unless prosecuted (that is sued on) within one year from the date of the loss."

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Semmes & Mott*, for plaintiff and appellant. *A. Voorhies*, for defendants and appellants.

Wyly, J. The plaintiff, alleging that his stock of goods in his store in Catahoula parish, insured by the defendant at $4000, was wholly destroyed by fire on twenty-ninth October, 1868, sues the defendant for $3500, the amount of the loss sustained by him by reason of said fire. The defense is that the preliminary proof was not furnished in conformity with a clause of the policy, and also the action is barred because it was not brought within one year from the date of the loss, as required by an express stipulation in the policy.

The court gave judgment in favor of the defendant, and the plaintiff appeals.

The important question is, is the action barred, because it was not brought within one year from the date of the loss. The fifteenth condition of the policy provides that: "All claims under this policy are barred, unless prosecuted within one year from the date of the loss. No claim for loss to bear interest before judicial demand."

The plaintiff contends that the meaning of the word "prosecuted" is doubtful, its general meaning being the continuance of efforts already

Carraway v. The Merchants' Mutual Insurance Company.

begun, and its technical meaning being the institution of a lawsuit; that this doubt should be construed in favor of plaintiff, because the restrictive clause was imposed by the defendant as a stipulation in its favor. He, therefore, interprets the fifteenth condition of the policy to mean that all claims are to be barred, unless the preliminary proof is made within one year from the date of the loss, or some effort is made to establish the claims. The plaintiff also insists that if the word "prosecuted" be held to mean sued on, that the year within which suits must be brought does not commence to run until the right to prosecute the claim arises, which is sixty days after the claim is proved and adjusted, according to an express provision of the policy; and that under this construction this action is not barred, because it was brought within one year from the time the preliminary proof was completed.

We are unable to agree with the learned counsel of the plaintiff in the construction which he places upon the fifteenth condition of the policy. In it we find nothing doubtful or ambiguous. We think it means what it says, that "all claims under this policy are barred, unless prosecuted (that is, sued on), within one year from the date of the loss. No claim for loss to bear interest before judicial demand."

It is therefore ordered that the judgment herein in favor of the defendant be affirmed with costs.

Rehearing refused.