LEVY (MAXFIELD v.). See Case No. 9,321.

---

## Case No. 8,304.

### LEVY v. VIRGINIA FIRE & MARINE INS. CO.

[9 Ins. Law. J. 113.]

Circuit Court, D. Louisiana. Dec. 23, 1879.

FIRE INSURANCE—LIMITATION IN POLICY.

[In a policy which provides for proofs of loss, and arbitration of differences as to amount of damage, and forbids the bringing of suit until an award is made, a limitation requiring suit to be brought within six months after the "loss or damage shall occur" means six months after the amount of the loss is thus ascertained, and not six months from the date of the fire.]

[This was an action on a policy of fire insurance.]

BILLINGS, District Judge. The plaintiff was insured against loss by fire by defendants. There was fire and loss. To a suit brought by plaintiff upon the policy of insurance, the defendants, among other defenses, plead, by way of exception, that according to the provisions of the policy the action is barred by the lapse of time. The submission to the court of the cause at the present time is simply as to the question: "Was this suit instituted within the time fixed within the terms of the policy of insurance, excluding from consideration all facts tending to show any waiver by the defendants of the limitation, and confining the inquiry to an interpretation of the policy itself?" The policy stipulates that the "loss or damage shall be paid sixty days after the proofs required by this company shall have been received at their office in Richmond, and the loss shall have been satisfactorily ascertained and proved as re-

quired by the provisions of this policy; that the damage to property not totally destroyed shall, unless the amount is agreed upon, be appraised by disinterested persons mutually agreed upon by the parties; that it shall be optional with the company to replace the articles lost or destroyed with others of the same kind and quality, or take the goods or any part thereof at their value appraised as aforesaid, and to rebuild and repair the buildings within a reasonable time, giving notice of their intention to do so within sixty days after having received the proofs herein required; that until sixty days after such proofs and certificates are produced, and such examination and appraisal permitted, no suit shall be instituted, nor the loss be deemed proved or payable." It is further provided that "in case difference shall arise concerning the amount of any loss or damage by fire, after proof thereof has been received in due form by the company, the matter shall, at the instance of the company, be submitted to the judgment of arbitrators mutually agreed upon, whose award in writing as to the amount of such loss or damage, shall be binding upon the parties; * * * but such award or appraisal of damage shall only determine the amount of loss sustained, but in no wise the liability of the company." The policy proceeds: "It is furthermore expressly agreed that no suit or action of any kind against the company for the recovery of any claim upon, under, or by virtue of this policy shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within the term of six months next after the loss or damage shall occur; and in case any such suit or action shall be commenced against this company after the expiration of six months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed conclusive evidence against the validity of the claim thereby attempted to be enforced, any statute of limitation to the contrary notwithstanding."

The petition alleges that the loss occurred by fire on August 1, A. D. 1878; that there was an award by arbitrators made on January 4, A. D. 1879. This suit was instituted February 10, A. D. 1879. All questions of waiver being excluded, the question which the court is now called upon to decide is: "When did the six months' limitation commence to run? From the time of the fire and loss or from the time of award?" If the former, then the exception is good in law, and the question of waiver must hereafter either be submitted to a jury or determined by a court; if the latter, then the exception must be overruled, and judgment rendered for plaintiff.

It is to be seen from the provisions of the policy above quoted that the loss is, so far as relates to the right, on the part of the insurers, to substitute new for old, and to repair and to rebuild, to be decided within sixty days after the proper preliminary proofs are furnished, and that if they do not elect and signify their election to replace and rebuild, the loss then becomes payable; that so far as relates to the amount of loss an award is indispensable; no suit can be sustained unless there shall have been an award; and that the suit must be brought "within the term of six months next after the loss or damage shall occur;" that unless so brought "the lapse of time shall be deemed conclusive evidence against the validity of the claim for indemnity." That this limitation is valid and binding upon the parties is held in Fullam v. New York Union Ins. Co., 7 Gray 61. The same thing is declared with reference to a similar limitation of one year in Carraway v. Merchants' Mut. Ins. Co., 26 La. Ann. 298. But in neither of these cases was the point decided which is here submitted. The question has been directly passed upon by the court of appeals in the state of New York. It seems to be the settled doctrine of that court that this limitation should be construed to commence at the time when the loss by the terms of the policy became due and payable, and not at the time of the physical burning of the property. See the opinion of the court, as given by Chief Justice Church,—Hay v. Star Fire Ins. Co. [13 Hun. 496],—and the New York cases there cited. The doctrine has been reached in that court in cases involving the matter of waiver of the limitation. But it seems now to be settled as a proposition with reference to the construction of this clause. The same principle is stated in Wood's work on Insurance, as a rule of construction. Page 762, § 443.

But this case has a feature which strengthens the argument upon which the cases in the books are placed. In those cases the controlling provision was held to be that the loss should become payable upon the lapse of sixty or ninety days after the satisfactory completion and filing of the proofs, and it was there held to be the meaning that the commencement of the limitation was from the time the right of action existed; because, according to any other construction, the policy would allow the insurers, by objecting to the proofs or refusing or neglecting to file them, to postpone the time when the action might be brought to a time when, by the six months' limitation, the right to sue at all would be extinguished. But in this case we have to deal not only with the claim postponing the rights of action till sixty days after the complete proofs have been furnished, but with an additional claim which interposes a new ground of delaying the plaintiff's right to sue, viz. till arbitrators mutually chosen have made an award. Now, the control on the part of the insured over the matter of satisfactory proofs

was but partial and imperfect, but, in the nature of things, a control on his part over the time when arbitrators shall make an award is clearly impossible. So that, if the defendant's construction of this clause in the policy were to obtain, an insured party, who had been doing his utmost to secure a seasonable award, might fail in obtaining it until after the lapse of six months from the date of the fire or loss. To maintain this construction would be to maintain that the contract of insurance provided that any suit to enforce it might be premature until it became prescribed, and that the insured, without fault or omission, could be told by the insurer that the fact that he had not brought an action upon an instrument before his right of action, by its very provisions, could be brought, was, by the very terms of that instrument, "conclusive evidence that his claim under it was invalid." Such a construction cannot be maintained, if any other can reasonably be adopted. A construction should be sought which will harmonize all the provisions of the policy, and effectuate the intent of the parties to a contract of indemnity. The weight of authority and reason is in favor of making this limitation commence, as do all limitations upon the time of actions under statutes, at the time when the party whose right to sue is to be extinguished could have instituted an action, and not at the time when the loss physically occurred; such date being that point of time at which both the sixty days after furnishing the proofs have elapsed, and the award has been made. Let the exception be overruled, and let there be judgment for plaintiff.