State ex rel. Ikerd vs. Judge.

## No. 8724.

THE STATE OF LOUISIANA EX REL. J. S. IKERD VS. THE JUDGE OF THE EIGHTH DISTRICT COURT, PARISH OF EAST CARROLL.

A *mandamus* lies to compel the granting of an appeal from a judgment dismissing part of a petition and part of the prayer thereof.

It is no defense to an application for such remedy, that the case, for the remaining part, continues pending before the court, or that the judgment is interlocutory and causes no irreparable injury.

Such judgment is a *final* judgment, requiring, as in fact it received it, signature by the Judge.

The fact that the plaintiff continued the prosecution of the remaining part of the case and that he did not, upon the refusal of the appeal, apply for a *mandamus*, cannot be considered as an acquiescence in the judgment, or an abandonment of his right of appeal.

APPLICATION for a Mandamus.

W. G. Wyly for the Relator.

E. J. Delony, the Judge, Respondent, *in propria persona*.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a mandamus.

The relator avers that he has brought a suit, on certain grounds, against three defendants, who excepted thereto, for several reasons; that the District Judge, after hearing, sustained the exceptions to a certain extent and dismissed part of the petition and prayer. He complains that he applied for a devolutive appeal, which was refused him without cause. He prays that a *mandamus* issue to compel the granting of the appeal thus declined.

The District Judge returns that he has twice refused to grant the appeal, which was from an *interlocutory* judgment, on the 23d of December, 1881, and on the 30th November, 1882. He urges that the *mandamus* should not be made peremptory:

1. Because the relator has acquiesced in the judgment, in failing to prosecute his first application for an appeal; in consenting to proceed with the case and fix the same for trial; in applying for trial by jury; in answering and complying with orders pending the proceedings, etc.

2. Because the judgment on the exceptions was an *interlocutory* decree, and not such as would work an irreparable injury to plaintiff; and because to grant the same before the trial of the whole case would be to send the same to the appellate court in fragments, a proceeding not favored by law.

Certified copies of the proceedings referred to in the petition and return are before us.

State ex rel. Ikerd vs. Judge.

We propose to consider the grounds of defenses, reversing the order in which they are set forth.

The judgment sustaining the exceptions and dismissing the petition and prayer is not an interlocutory order. It is a judgment which has a character of finality, as it severs and dismisses from the action part of the demand. It was so considered by the District Judge, who has, after rendition, read and *signed* it in open court. .

Whether, under that judgment, the plaintiff in the suit be debarred from bringing or not a new proceeding, it is unnecessary to determine. It is enough that the judgment be a final judgment, to entitle the relator to an appeal from it. By not doing so the relator might sustain some injury eventually irreparable.

It is no objection to the granting of the appeal, that the case remains pending, on certain grounds, before the court. It may be ultimately unfortunate, that the judgment of dismissal be reversed and that it may so possibly cause a reversal of the judgment eventually to be rendered on the case as it now stands in court; but with that neither the relator, nor the court, has any concern. Injury, if any is thereby occasioned, will have to be sustained by the defendants, who excepted in the manner they did and who obtained the judgment complained of.

They might have avoided such judgment, by either asking and obtaining that their exceptions be tried at the same time as the merits, or by objecting to the introduction of evidence at the trial. They have elected their proceeding and must abide the consequence of that choice.

The theory that a judgment is an entirety and indivisible can receive no application where distinct judgments are rendered at different times and on different subjects. In a proper case an appeal lies from each judgment so rendered.

It is settled that an appeal lies from a judgment of dismissal or non-suit. 2 M. 136; 7 M. 520; 3 N. S. 265; 16 L. 515.

We have examined the proceedings to which the District Judge refers to establish the acquiescence of the relator in the judgment sought to be appealed from, and fail to discover therein any act justifying that defense.

The acquiescence to which the law refers is a voluntary, not an involuntary one. Whatever the plaintiff did in the case, after the judgment of dismissal was rendered, was a matter of necessity for the protection of his rights in the prosecution of the same as they stood after the judgment of dismissal had been rendered and signed. Had he brought a new suit, on the grounds and for the purposes eliminated from the petition and prayer, after the dismissal, a different feature would be presented.

From the fact that he did not apply for a *mandamus* from this Court

immediately upon the first refusal, it cannot be inferred that he abandoned his right to do so. He may have had good reasons for delaying such an application.

It appears, however, that he subsequently again asked the Judge to grant the appeal previously sought, and that he was met with another refusal. This circumstance repels the inference.

We are unable to agree with the District Judge and consider that the relator is entitled to the relief which he seeks.

It is, therefore, ordered and decreed that the alternative *mandamus* herein issued be made peremptory, and that the District Judge do accordingly grant the relator the appeal prayed for and declined.