LAND, Justice.
 

 N. W. Jenkins, W. C. Nabors, S. G. Sample, R. T. Moore, A. J. Peavy, E. A. Frost, E. P. Lee, W. B. Hewitt, J. B. Williams, Jr., and E. T. Robinson, defendants arid appellees herein, have filed a motion in this court to dismiss the appeal taken by plaintiffs, Mrs. Mabel C. Williams, Louis Bryant Williams, and Willis W. Williams, from a judgment rendered in the lower court June 5, 1936,. sustaining the exception of misjoinder of parties defendant, the exception of misjoinder of cause of action, the exception of nonjoinder of parties defendant, and the exception of no cause or right of action, filed in this case on behalf of all of the defendants, in so far as these exceptions applied to appears herein, but overruling these exceptions in so far as they applied to the defendant De Soto Bank & Trust Company.
 

 As all of these exceptions were overruled in so far as the defendant De Soto Bank & Trust Company is concerned, the judgment of the lower court was in favor of plaintiffs to that extent, and was not appealed from by them.
 

 The only appeal taken by plaintiffs to this court is from the judgment in favor of the other defendants, appearers herein, who have filed a motion to dismiss the appeal on the ground that the judgment rendered sustaining their exceptions is interlocutory and that no appeal lies therefrom.
 

 The judgment of the lower court, in sustaining the exceptions, pleaded by appearers herein, including the exception of no cause or right of action,
 
 dismissed plaintiffs’ suit
 
 as to these defendants, and plaintiffs are out of court, in so far as these defendants are concerned, unless plaintiffs have the right to appeal from that judgment to this court, and, after hearing, have their suit reinstated in the lower court to he proceeded with in due course.
 

 In the case of State ex rel. Ikerd v. Judge of Eighth District Court, 35 La.Ann. 212, Mr. Chief Justice Bermudez, as the organ of the court, said: “This is an application for a mandamus.
 

 “The relator avers that he has brought a suit, on certain grounds,
 
 against three
 
 defendants,
 
 who
 
 excepted• thereto,
 
 for several reasons;
 
 that the District Judge, after hearing,
 
 sustained the exceptions to a certain extent and dismissed part of the
 
 
 *891
 

 petition and prayer.
 
 He complains that he applied for a devolutive appeal, which was refused him without cause. He prays that a mandamus issue to compel the granting of the appeal thus declined.
 

 “The District Judge returns that he has twice refused to grant the appeal,
 
 which was from an interlocutory judgment,
 
 on the 23d of December, 1881, and on the 30th November, 1882. He urges that the mandamus should not be made peremptory:
 

 “1. Because the relator has acquiesced in the judgment, in failing to prosecute his first application for an appeal; in consenting to proceed with the case and fix the same for trial; in applying for trial by jury; in answering and complying with orders pending the proceedings, etc.
 

 “2. Because the judgment on the exceptions was
 
 an interlocutory decree, and not such as would work an irreparable injury to plaintiff;
 
 and because to grant the same before the trial of the whole case would be to send the same to the appellate court in fragments, a proceeding not favored by law.
 

 “Certified copies of the proceedings referred to in the petition and return are before us.
 

 “We propose to consider the grounds of defenses, reversing the order in which they are set forth.
 

 “The judgment sustaining the exceptions and dismissing the petition and prayer
 
 is not an interlocutory order.
 
 It is a judgment which has
 
 a character of finality, as it severs and dismisses from the action part of the demand.
 
 It was so considered by the District Judge, who has, after rendition, read and signed it in open court.
 

 “Whether, under that judgment, the plaintiff in the suit be debarred from bringing or not a new proceeding, it is unnecessary to determine. It is enough that the judgment be
 
 a final judgment,
 
 to entitle the relator to an appeal from it. By not doing so the relator might sustain
 
 some injury eventually irreparable.
 

 “It is no objection to the granting of the appeal, that the case remains pending, on certain grounds, before the court. It may be ultimately unfortunate, that the judgment of dismissal be reversed and that it may so possibly cause a reversal of the judgment eventually to be rendered on the case as it now stands in court; but with that neither the relator, nor the court, has any concern. Injury, if any is thereby occasioned, will have to be sustained by the defendants, who excepted in the manner they did and who obtained the judgment complained of.
 

 “They might have avoided such judgment, by either asking and obtaining that their exceptions be tried at the same time as the merits, or by objecting to.the introduction of evidence at the trial. They have elected their proceeding and must abide the consequence of that choice.” (Italics ours.)
 

 It is also stated in the opinion in that case: “It is settled that an appeal lies from a judgment of dismissal or non-suit. (Lefevre v. Broussard), 2 Mart.(O.S.) [135] 136; (Chedoteau’s Heirs v. Dominguez),
 
 7
 
 Mart.(O.S.) [490] 520; (Bainbridge v.
 
 *893
 
 Clay), 3 Mart.(N.S.) [262] 265; (Heath & Co. v. Vaught) 16 La. 515.”
 

 The decision in the case of State ex rel. Ikerd v. Judge of Eighth District Court, 35 La.Ann. 212, is adhered to in State ex rel. Pflug v. Judge of Division E, Civil District Court for the Parish of Orleans, 35 La.Ann. 765, 766. In that case it is said: “In that case [35 La.Ann. 212] the judgment appealed from had
 
 partly
 
 sustained an exception,
 
 and had dismissed part of the petition and prayer.
 
 Under such a ruling, plaintiff’s suit had been
 
 completely
 
 emasculated, and the relator is
 
 materially differenced
 
 from the present case,” in which it was held that: “The character of the injury caused by an interlocutory judgment, even when it is signed by the Judge, must be tested under the following plain rule:
 

 “ ‘If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist.’ Fields v. Gagne, 33 La.Ann. [339] 340.” (Italics ours.)
 

 Again the decision in State ex rel. Ikerd v. Judge of Eighth District Court, 35 La.Ann. 212, is cited and approved in State ex rel. Hearsey v. Talbot, 36 La.Ann. 981, 983, in the following language: “In the case of the State ex rel. Ikerd v. Judge, 35 La.Ann. 212, we compelled an appeal from a decree dismissing
 
 part
 
 of a plaintiff’s petition and
 
 part
 
 of the prayer thereof, on the ground that the decree would work
 
 irreparable injury
 
 to the complainant.” (Italics ours.)
 

 All of the defendants are sued in one and the same suit in the case at bar, and the sustaining of the various exceptions filed by the defendants dismissed
 
 the part
 
 of the demand in the petition against them and
 
 the part
 
 of the prayer as to them.
 

 Whether these exceptions were properly or improperly sustained is not a matter to be decided now, but on the appeal of the case which, in our opinion, was properly granted.
 

 The motion to dismiss the appeal is therefore denied.