## LANDIS & YOUNG et al. v. GOSSETT & WINN et al.

### No. 5489.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

Rehearing Denied Jan. 3, 1938.

Writ of Certiorari and Review Denied Feb. 7, 1938.

Ben E. Coleman, of Shreveport, for appellants.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellees.

TALIAFERRO, Judge.

This case, on appeal from a judgment sustaining a plea to the jurisdiction ratione personae, was considered by us in June, 1936. Judgment was reversed and the case remanded for further proceedings. 169 So. 178. The facts disclosed by the record, and as found by us formerly, are these:

"Plaintiff contracted with the United States Government to construct and furnish

all labor and material therefor, thirteen double noncommissioned officers' headquarters at Berksdale Field, Bossier Parish, Louisiana. A subcontract for painting the buildings was given to defendant, Gossett & Winn, a copartnership domiciled in Ouachita Parish, Louisiana, composed of R. A. Gossett and I. Z. Winn, residents thereof, for the faithful performance of which and for payment of all labor and material bills incurred in connection therewith, a bond in favor of plaintiffs was executed with the Maryland Casualty Company as surety. Gossett & Winn defaulted under the contract and failed to complete painting said buildings within the time stipulated, and in order to escape liability for penalties under its contract with the Government, plaintiff completed said subcontract, paid the labor bills incurred in doing so, and has paid or agreed to pay for some materials purchased by the subcontractor; outlays on these accounts being $1616.43 in excess of the subcontract price.

"The present suit was instituted in Ouachita Parish against the subcontractor and its component members, and against the surety on its bond to recover said sum of $1616.43, plus 10% attorney's fees.

"Gossett, individually, and the Surety Company filed exceptions to the court's jurisdiction, ratione materiae, which were sustained. From a judgment dismissing the suit, plaintiff has appealed."

The subcontractor's bond is made a part of the petition. Following the customary stipulation therein to the effect that it should remain in full force and effect if the subcontractor (principal) defaulted in the discharge of the obligations assumed by it under the terms of the subcontract, it is said therein: "Provided, however, that no action or suit for any recovery shall be instituted after one year from date last payment is due from the general contractor to subcontractor."

This suit was filed November 29, 1935. It is alleged therein that the United States government had accepted the work plaintiff was obligated to perform for it, and that on September 18, 1934, made final settlement with petitioner therefor. The contract between plaintiff and its subcontractor, Gossett & Winn, after stating the total amount payable thereunder, and the percentage due for each month's work and date payable, contains this stipulation, viz.: "The remaining balance to be paid within thirty days after acceptance of. the work in its entirety."

Therefore, since the United States accepted the work and made final payment therefor on September 18, 1934, final payment to the subcontractor was due not later than October 18, 1934, and as suit was filed November 29, 1935, over one year intervened between these dates.

Gossett and the surety company each filed a plea of prescription of one year, based upon the stipulation in the bond above quoted. Plaintiff thereafter supplemented its original petition by allegations fully disclosing the record facts of the prior suit against these same defendants instituted in the Twenty-Sixth judicial district court for Bossier parish, to which we briefly referred in our former judgment. It appears from this amended petition that the suit in Bossier parish was filed July 17, 1935, and was dismissed on pleas to the jurisdiction ratione personae. No appeal was prosecuted from this judgment. The present suit was then instituted in Ouachita parish. The facts alleged in the amended petition are designed to serve as a basis for plaintiff's present contention that the current of the contractual limitation urged by defendants has been interrupted. It is maintained by plaintiff that the district court of Bossier parish was "a court of competent jurisdiction," as is required by Act No. 39 of 1932 to effectuate an interruption of prescription by the simple act of filing suit. The amendment was objected to on the grounds that it came too late and that it sought to alter the character of the original demand. The objection was overruled. Thereafter, Gossett and the insurance company filed exceptions of no cause and no right of action, and further excepted by pleading: "That said suit is barred and perempted by the limitation of one year, this said suit having been filed more than one year after date of final payment or settlement was due to defendant herein, Gossett & Winn, under the contract sued on."

Plaintiff opposed the filing of these last exceptions by defendants for the reason that they came too late and that to allow and consider them would be a violation of Act No. 124 of 1936. The objection was properly overruled. The 1936 act requires all dilatory exceptions to be filed at one and the same time. It has no reference to peremptory exceptions at all.

762

The lower court sustained the exceptions filed by the Maryland Casualty Company and dismissed the suit as to it. The same exceptions on behalf of Gossett were overruled.

Plaintiff appealed to this court. Appellee has moved to dismiss the appeal on the alleged grounds that the judgment appealed from is interlocutory, not final, and does not dispose of all the issues between the parties to this cause.

We do not think the motion to dismiss well founded. The very recent case of Williams et al. v. DeSoto Bank & Trust Company, 185 La. 888, 171 So. 66, decided by the Supreme Court in November, 1936, is decisive of the issue tendered by the motion. The jurisprudence of the state pertinent thereto is reviewed. The syllabus succinctly reflects what the court held. It reads: "Judgment sustaining exception of misjoinder of parties defendant, exception of misjoinder of causes of action, exception of nonjoinder of parties defendant, and exception of no cause or right of action as to part of defendants, held 'appealable' as against contention that judgment was 'interlocutory.'"

Covenants whereby a limitation, such as appears in the bond in this case, is placed upon the right of one or either of the signatories thereto to proceed against the other, in event of a default, are of common usage, and are enforceable as between the parties; and this too, even though the limitation agreed upon be for a shorter period within which actions may be brought than that allowed by statute, without such agreement. Such covenants are contractual bars or limitations which the parties are at liberty to adopt for their own guidance. Court action must be taken within the time fixed or else the right to do so perempts. Strictly speaking, it does never prescribe. Liberty of action in this respect is not only justified from equitable considerations, but is definitely recognized by Codal law of this state.

Article 11 of the Revised Civil Code reads:

"Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals.

"But in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good."

In the early case of Jesse Riddlesbarger v. Hartford Fire Insurance Company, 7 Wall. 386, 19 L.Ed. 257, it was held, as disclosed from the syllabus, that: "A condition in a policy of insurance against the maintenance of any action to recover a claim upon the policy, unless commenced within twelve months after the loss, is valid."

It was argued in that case that contractants may not validly agree upon a limitation different from the statutes of the state wherein suit is brought. Disposing of this contention, the court said:

"A stipulation in a policy to refer all disputes to arbitration stands upon a different footing. That is held invalid, because it is an attempt to oust the courts of jurisdiction by excluding the assured from all resort to them for his remedy. That is a very different matter from prescribing a period within which such resort shall be had. The condition in the policy in this case does not interfere with the authority of the courts; it simply exacts promptitude on the part of the assured in the prosecution of his legal remedies, in case a loss is sustained respecting which a controversy arises between the parties.

"The Statute of Missouri, which allows a party who 'suffers a nonsuit' in an action to bring a new action for the same cause within one year afterwards, does not affect the rights of the parties in this case. In the first place, the statute only applies to cases of involuntary nonsuit, not to cases where the plaintiff of his own motion dismisses the action. It was only intended to cover cases of accidental miscarriage, as from defect in the proofs, or in the parties or pleadings, and like particulars. In the second place, the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also.

"The action mentioned, which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained, unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of

the failure of an action commenced, and the court cannot insert one without changing the contract.

"The questions presented in this case, though new to this court, are not new to the country. The validity of the limitation stipulated in conditions similar to the one in the case at bar, has been elaborately considered in the highest courts of several of the States, and has been sustained in all of them, except in the Supreme Court of Indiana, Eagle Insurance Company v. Lafayette Insurance Company, 9 Ind. 443, which followed an adverse decision of Mr. Justice McLean in the Circuit Court for the district of that State. French v. Lafayette Insurance Company, [Fed.Cas. No. 5, 102], 5 McLean 461. Its validity has also been sustained by Mr. Justice Nelson, in the Circuit Court for the District of Connecticut. Cray v. Hartford Insurance Company, [Fed.Cas. No 3,375], 1 Blatchf. 280.

"We have no doubt of its validity. The commencement, therefore, of the present action within the period designated was a condition essential to the plaintiff's recovery; and this condition was not affected by the fact that the action, which was dismissed, had been commenced within that period."

In Leigh Ellis & Company v. Davis, 260 U.S. 682, 689, 43 S.Ct. 243, 244, 67 L.Ed. 460, 464, such a limitation in a bill of lading was enforced, as has been done in many other cases arising in the courts throughout the United States.

The principle enunciated in these cases is positively supported by the following decisions of our own Supreme Court: Carraway v. Insurance Company, 26 La.Ann. 298; Edson v. Insurance Company, 35 La. Ann. 353; Blanks v. Insurance Company, 36 La.Ann. 599.

The last two of these cases cite approvingly the Riddlesbarger Case, supra. In the Blanks Case, the court employed this clear and convincing language:

"The validity and legality of stipulations in policies of insurance limiting the time within which actions for claims thereunder may be brought, have been affirmed by this Court and by the Supreme Court of the United States. Edson v. Merchants' Insurance Company, 35 La.Ann. 353; Riddlesbarger v. Insurance Company, 7 Wall. [U.S.] 386 [19 L.Ed. 257].

"It has also been settled by this Court that the term 'prosecuted,' as here used, means prosecuted by suit. Carraway v. Insurance Company, 26 La.Ann. 298.

"Such stipulations are, therefore, the law which the parties have made for themselves, and by which their rights and obligations must be measured."

In Tracy v. Queen City Fire Insurance Company, 132 La. 610, 61 So. 687, 688, Ann.Cas.1914D, 1145, stipulations of this character are discussed at length, and the doctrine announced in the Riddlesbarger Case again reaffirmed.

■■ Appellant argues that the present suit was timely filed because the filing of the former suit in Bossier parish interrupted the current of prescription under the limitation of the bond. It is contended that the Bossier court had jurisdiction ratione personæ. That court held otherwise and appellant here must have acquiesced in the ruling as it did not appeal. The judgment is now res judicata of the issue closed by it, and we would not be warranted in reviewing that case to determine whether the court had jurisdiction, as contended for, even though we thought such review needful to a decision by us of the question of the interruption of the running of prescription. We do not think that suit has any bearing whatsoever upon the issues now before us. It is as though no prior suit to recover on the bond had been filed.

■ The statutory rules for the interruption of the running of prescription have no application to contractual bars or limitations. This was specifically held in the Riddlesbarger Case, quoted from supra, and by our own Supreme Court in the Tracy Case, wherein the court quoted approvingly from 19 Cyc. 611, the following: "Statutory provisions, as to second actions under the statute of limitations, do not apply so as to save the right to bring a second action after the contract period, after failure of the first action."

In the Tracy Case, however, it was held that the filing of the former suit did interrupt prescription because the limitation in which to sue under the policy involved therein was made mandatory by statute. It was not contractual in the sense discussed in the Riddlesbarger and other cases referred to supra.

■ Appellant argues that the bond under discussion is a statutory one, is in stat-

utory form, its conditions the same in import and substance as the law requires of principal contractors. No law has been cited which supports this position. The law does require written contracts and performance bonds to be executed by all contractors, with some exceptions, but does not make such requirement of subcontractors. Such contracts and security for performance, being strictly between the principal contractor and the subcontractor, are matters which address themselves to these parties alone.

Being of the opinion that the judgment appealed from is correct, we hereby affirm it, with costs.