448 So.2d 191 (1984)
CON-PLEX, DIVISION OF U.S. INDUSTRIES, INC.
v.
VICON, INCORPORATED, and Reliance Insurance Company.
No. 83 CA 0442.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*192 John C. Miller, Baton Rouge, for plaintiff-appellant Con-Plex, Div. of U.S. Industries, Inc.
Henry Klein, New Orleans, for defendant-appellee Vicon, Inc.
Charles S. McCowan, Jr., Baton Rouge, for defendant-appellee Reliance Ins. Co.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
This is an action brought by Con-Plex, Division of U.S. Industries, Inc., a contractor, against Vicon, Inc., its subcontractor, and Reliance Insurance Company, the subcontractor's surety, for damages for alleged failure of the subcontractor to complete its work on time and in an acceptable manner. Reliance filed a peremptory exception of prescription or peremption of two years, founded upon a prescriptive or peremptive period of two years set forth in the surety contract. Reliance was dismissed as a party defendant on the basis of the exception, and Con-Plex appealed. We affirm.
Vicon entered into a subcontract with Con-Plex, the contractor, under which Vicon as a subcontractor undertook to perform asphalt work in connection with the Moisant Airport Interchange, Louisiana Project No. 450-15-42, FAP No. 1-55-5 (166) 223, Jefferson Parish, Louisiana. Vicon supplied a surety bond to Con-Plex with Reliance as surety which contained the following paragraph:
"Any suit under this bond must be instituted before the expiration of two years from date on which final payment under the subcontract falls due."
The contract between Con-Plex as general contractor and Vicon as subcontractor contained the following provision with regard to the time within which the subcontractor, Vicon, was to be paid:

"Article XII
The terms of payments as to current and final payments as set forth in the above-mentioned contract, and all documents forming a part thereof, between Contractor and Owner are to exist as between Contractor and Sub-Contractor, *193 and Contractor shall pay to Sub-Contractor not later than 20 days following each payment to the Contractor, the amount allowed Contractor on account of work performed by Sub-Contractor, to the extent of the Sub-Contractor's interest therein."
Vicon admitted in response to Request for Admissions of Fact and Genuineness of Documents that the copies of the contract between Con-Plex and Vicon and of the surety bond furnished by Vicon (which were annexed to plaintiff's petition), from which we quote above, are true copies of the originals.
Furthermore, Vicon admitted that the contractor received the final retainage on that Project No. 450-15-42 by check dated January 22, 1980. The present suit was filed November 3, 1982.
The contractor was to pay the subcontractor within 20 days after it received each payment, as we have seen from the matter quoted last above. The first quotation establishes a two year period within which the surety may be sued after final payment to the subcontractor fell due. These provisions are clear and unambiguous, and it cannot successfully be controverted, if these provisions are enforceable in a suit brought by the contractor against the subcontractor's surety, that these provisions apply:
LSA-C.C. art. 11 reads as follows:
"Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals.
But in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good."
In Landis & Young v. Gossett & Winn, 178 So. 760 (La.App. 2d Cir.1937), writ denied (1938), it was held that a surety bond entered into by a subcontractor could place a time limitation upon the right of one of the signatories thereto to proceed against the other, shorter than the general prescriptive period, which would be enforceable by a plea of prescription or peremption.
Likewise, in Leiter Minerals, Inc. v. California Co., 241 La. 915, 132 So.2d 845 (1961), it was noted that parties to a contract are free to stipulate a shorter period of prescription than that provided by state statute, the Louisiana Supreme Court citing a great number of Louisiana cases.
Thus, it is clear that the two year prescriptive or peremptive period in the surety bond furnished by Reliance in the present case is enforceable, and indeed, must be enforced.
Con-Plex argues that delays on the part of Vicon rendered uncertain the time within which Vicon was to be paid, and thus rendered the surety bond and subcontract entered into by Vicon ambiguous. As we have stated, the surety bond and the language of the subcontract are clear and unambiguous. Any action brought against the surety, Reliance, must be brought within two years and twenty days after final payment to the subcontractor. Final payment was made to Con-Plex on January 22, 1980. Suit was not brought by Con-Plex within the required time, two years and twenty days after final payment. Prescription has run. As to any alleged ambiguity in the terms of the two contracts, we must note that the manner of execution of a contract is relevant to its construction only when the contract is of doubtful intent as a result of inherent ambiguity. LSA-C.C. art. 1956. Here, as we have seen, the two contracts are clear and unambiguous.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.