583 So.2d 157 (1991)
J.B. MOUTON & SONS, INC., Plaintiff-Appellant,
v.
ALUMAWALL, INC., Defendant, and
Great American Insurance Company, Defendant-Appellee.
No. 90-191.
Court of Appeal of Louisiana, Third Circuit.
July 16, 1991.
*158 Debra J. Becnel, Lafayette, for plaintiff/appellant.
Perret, Doise, Daigle, Longman & Russo, Robert W. Daigle, Ian A. MacDonald, Lafayette, for defendant/appellee.
Before DOMENGEAUX, C.J., and YELVERTON and FORET, JJ.
DOMENGEAUX, Chief Judge.
This is an action brought by J.B. Mouton & Sons, Inc., a general contractor, against Alumawall, Inc., its subcontractor, and Great American Insurance Company, the subcontractor's surety, for damages for defective workmanship on the part of Alumawall. Great American filed a peremptory exception of prescription and/or peremption which was maintained by the trial court. Mouton has appealed the dismissal of Great American. We affirm in part and reverse in part.
In 1981 and 1982, Alumawall entered into three subcontracts with Mouton, whereby Alumawall as a subcontractor undertook to perform glass and glazing work on three commercial buildings to be built in Lafayette: the Quintana Petroleum building, the SBS-Rue Bienville building, and Pinhook Towers. Mouton obtained three surety bonds from Great American indemnifying Mouton for any losses which may be sustained as a result of Alumawall's failure to complete its work in accordance with the terms of its subcontracts.
The surety bonds issued with regard to the Quintana Petroleum and Rue Bienville buildings contained the following prescriptive language:
[N]o action, suit or proceeding, except as hereinafter set forth, shall be had or maintained against the Surety on this instrument unless the same be brought or instituted and process served upon the Surety within twelve months after completion of the work mentioned in said contract, whether such work be completed by the Principal, Surety, or Obligee; but if there is any maintenance or guarantee period provided in the contract for which said Surety is liable, an action for maintenance may be brought within six months from the expiration of the maintenance period, but not afterwards.
Similarly, the Pinhook Towers bond provided as follows:
Any suit under this bond must be instituted before the expiration of two years from date on which final payment under the subcontract falls due.
Mouton admitted in answers to interrogatories that certificates of substantial completion were issued on each of the three buildings in 1982 and final payments were *159 made in 1982 and 1983. This suit was not filed by Mouton until 1988.
It is clear that the surety bonds at issue herein purport to provide a prescriptive period more restrictive than the general 10 year period for contract disputes provided by Louisiana law. Such a contractual limitation is permissible and enforceable in this state. In Leiter Minerals, Inc. v. California Company, 241 La. 915, 132 So.2d 845 (1961), the Supreme Court noted that parties to a contract are free to stipulate a shorter period of prescription than that provided by state statute. Similarly, in both Landis & Young v. Gossett & Winn, 178 So. 760 (La.App. 2d Cir.1937), writ denied, Feb. 7, 1938, and Con-Plex v. Vicon, Inc., 448 So.2d 191 (La.App. 1st Cir.1984), the courts held that a surety bond could contain a time limitation upon the right of one of the parties thereto to proceed against the other, shorter than the general prescriptive period, which would be enforceable by a plea of prescription or peremption. This jurisprudence was recently followed in Kiva Construction and Engineering, Inc. v. International Fidelity Insurance Company, 749 F.Supp. 753 (W.D.La.1990).
While not contesting the validity of the aforementioned principle of law, Mouton contends it does not apply to the surety bonds at issue herein. The prescriptive language applicable to the Quintana Petroleum and Rue Bienville bonds contains an exception to the generally stated one year limitation, i.e. suit must be brought within six months of any maintenance period provided for in the Mouton/Alumawall contract. Paragraph 13.2.2 of the Mouton/Alumawall contract provides for a warranty period of one year or "such longer period of time as may be prescribed by law." The Pinhook Towers bond provides no exception to the two year limitation clause quoted previously, but does incorporate by reference the entirety of the principal contract between Mouton and Alumawall, including the language pertaining to a warranty period "as may be prescribed by law."
Mouton relies on Louisiana's ten year implied warranty of fitness for building construction contracts in support of its position. La.C.C. arts. 2762 and 3500; Wetmore v. Blueridge, Inc., 391 So.2d 951 (La.App. 4th Cir.1980); Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972). We agree that Paragraph 13.2.2 of the Mouton/Alumawall contract implicitly incorporates Louisiana's ten year warranty period as the law between the parties to the subcontract. The language of the surety bonds, however, must dictate the law between the parties to those surety contracts.
In French Market Ice Manuf. Co. v. Landauer, 4 Orl.App. 80 (1906), the court addressed the rights of a surety whose bond stipulated that suit "must be instituted within six months after completion of the work specified in said contract." The court held that the work could not be considered as complete as long as the one year maintenance or guarantee period specified in the principal contract had not expired. "To specify in the contract a clause binding the contractor for a stated period is tantamount to imposing the same conditions, as to time, on the surety, unless the contrary is specially stipulated in the bond." 4 Orl. App. at 88.
We conclude the specific and unambiguous prescriptive language contained in the Pinhook Towers bond, that any suit must be instituted within two years from the date of final payment, must take precedence over the general reference to the subcontract and incorporation of its provisions. We construe this language not as a waiver of the ten year warranty period prescribed by Louisiana law, but rather, merely as a limitation on the enforceability of the bond, an accessory obligation to the underlying construction contract. An exception to the contractual conditions was specially stated in the bond. French Market, supra. Therefore, we hold the trial court properly dismissed Great American from any obligations under the Pinhook Towers bond.
The language of the Quintana Petroleum and Rue Bienville bonds, however, contains a specific exception and reference to any warranty period "prescribed by *160 law." In Louisiana, building contracts are subject to a warranty period of 10 years as prescribed by law. The surety bond explicitly incorporates this legal prescriptive period and we believe the trial judge erred in dismissing Great American from Mouton's suit on those two bonds. Both bonds are valid and enforceable six months beyond the expiration of the 10 year statutory warranty period. See French Market, supra.
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. Insofar as Great American Insurance Company has been released from any obligations on the Pinhook Towers bond, that portion of the judgment is affirmed. That portion of the judgment which releases Great American from liability on the Quintana Petroleum and Rue Bienville bonds is reversed, and to that extent, Mouton's suit against Great American is reinstated. Costs of this appeal are assessed to Great American.
AFFIRMED IN PART, REVERSED IN PART, AND REINSTATED.