630 So.2d 916 (1993)
CONTOURS UNLIMITED, INC.
v.
BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS.
No. 93-CA-1269.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1993.
Writ Denied March 18, 1994.
*917 Paul J. McMahon, III, Allen & Gooch, Lafayette, for plaintiff/appellant.
Michael D. Peytavin, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, for defendant/appellee.
Before BYRNES and JONES, JJ., and DIXON, J. Pro Tem.
JONES, Judge.
Contours Unlimited, Inc. appeals the trial court's judgment dismissing its claims for "direct cost" as prescribed.
This suit arises out of a construction contract entered into January 13, 1991, by Contours Unlimited Inc., "Contours", as general contractor, and the Board of Commissioners of the Port of New Orleans, "the Board", as a public body owner, for the construction of a project known as the France Road Terminal, Flood Protection Subsurface Drainage Improvements, "the project". The parties do not dispute the facts of this case.
Throughout Contours' work on the project, Contours submitted numerous claims to the Board seeking additional payments for the extra-contractual services which Contours was providing. In conformity with the contract, these direct cost claims were submitted to the Board Engineer who issued a written decision, accepting some of the direct cost claims and denying the rest. David Wagner, Managing Director for the Port of New Orleans, was appointed by the Board to hear appeals of Contours' direct cost claims. Written decisions were rendered by Mr. Wagner with regard to Contours' appeals on December 17, 1991, relative to the direct cost claims, and on February 18, 1992, relative to a "loss of production claim". Mr. Wagner accepted part of the direct cost claims but denied the loss of production claim in full. Thereafter, Contours filed suit against the Board on March 5, 1992.
The Board excepted to Contours' direct cost claims on the grounds that Contours failed to bring its lawsuit within 30 days of the written appeal decision, thus the claims were prescribed under Article 40 of the General Conditions of the Board's standard public works contract. The trial court rendered judgment sustaining the Board's Exception of Prescription and dismissing Contours' claims for direct cost with prejudice. In its reasons for judgment, the trial court held since "[p]arties to a contract are free to stipulate to a shorter period of prescription than that provided by statute", the 30 day period was valid and thus Contours' direct cost claims were prescribed.
Contours' claim for loss of production was timely and is pending in the trial court.
On appeal, Contours has raised three assignments of error, to wit: 1) the trial court erred in finding that the 30-day prescriptive period was a provision agreed to by the parties within their freedom to contract; 2) the trial court erred in not finding that the 30-day prescriptive period is quasi-legislation in derogation of the 5-year prescriptive period in the Public Contracts Act, La.R.S. 38:2181 et seq.; 3) the trial court erred in not finding that the 30-day prescriptive period is an unreasonable shortening of the 5-year prescriptive period in the Public Contracts Act, La.R.S. 38:2181 et seq.
We reverse the trial court's judgment and pretermit discussion of Contours' assignments of error because by codal article the Board's contractual provision establishing a more onerous prescriptive period than that *918 provided by law is a nullity. La.C.C. article 3471.
Under La.R.S. 38:2189.1, actions by contractors, on the contract or the bond, relative to construction, alteration, or repair of public works, prescribe five years from completion, substantial completion, or acceptance of such work, whichever occurs first. The Board's contract provides for only a 30-day prescriptive period. La.C.C. article 3471 states:
A juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null.
In light of the codal article, we find that the provision in the Board's contract is a nullity. Contours is entitled to a 5-year prescriptive period as proscribed by law.
For the foregoing reasons, the trial court's judgment is reversed. This matter is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.