981 So.2d 204 (2008)
James Leonard CAMERON, Plaintiff-Respondent,
v.
Michael BRUCE, et al., Defendants-Applicants.
James Leonard Cameron, Plaintiff-Appellant,
v.
Michael Bruce, et al., Defendants-Appellants.
Nos. 42,873-CW, 42,983-CA.
Court of Appeal of Louisiana, Second Circuit.
April 23, 2008.
*205 Shuey Smith, LLC by Richard E. Hiller, Shreveport, for Plaintiff/Appellant/Respondent, James Leonard Cameron.
Klotz, Simmons, & Brainard by Brandon Trey Morris, Shreveport, for Defendant, Michael Bruce.
Cook, Yancey, King, & Galloway by Sidney E. Cook, Jr., Mary D. Bicknell, *206 Shreveport, for Defendant/Appellant/Applicant, Con-Claire, Inc. d/b/a HouseMasters Home Insp.
Before BROWN, PEATROSS, CARAWAY, MOORE, and DREW, JJ.
BROWN, Chief Judge.
When plaintiff discovered substructure damage to the home he had purchased, he filed an action in redhibition against the seller and thereafter amended his suit to include as a defendant a home inspection company. The home inspection company filed an exception of prescription and a partial motion for summary judgment based on provisions in its contract shortening the prescriptive period and limiting its liability to $1,000. The home inspector appeals the trial court's denial of the exception and plaintiff appeals the trial court's grant of partial summary judgment.[1] For the reasons set forth below, we affirm the prescription ruling but reverse the grant of summary judgment.

Facts
On December 4, 2001, plaintiff, James Leonard Cameron, purchased a house from defendant, Michael Bruce, for $92,000. Prior to the purchase, the house was inspected by defendant, Con-Claire, Inc., d/b/a HouseMasters Home Inspections ("Con-Claire"); however, neither the report nor the results of the inspection were given to plaintiff until the day of closing. Con-Claire was paid an additional fee to inspect the substructure, and it found old termite damage in multiple places. In its report, Con-Claire stated that this damage was of a superficial nature and did not require any repairs. On December 3, 2002, Cameron filed a redhibitory action against Bruce to rescind the sale, and in June 2006, Cameron amended his petition to name Con-Claire as an additional defendant alleging its failure to discover and/or report substantial defects in the home. Con-Claire filed a peremptory exception of prescription based on a provision in its contract with plaintiff limiting prescription to one year from the date of inspection and, alternatively, a motion for partial summary judgment due to another provision in the contract limiting Con-Claire's liability to $1,000.
The trial court denied Con-Claire's exception of prescription, but granted the partial summary judgment limiting Con-Claire's liability to $1,000. Con-Claire appealed the ruling denying its exception, and Cameron appealed the liability ruling.

Discussion
On November 9, 2001, Con-Claire presented a contract to plaintiff, which he signed, and the inspection was completed on that same day. Plaintiff paid a fee for a regular inspection and an additional fee for inspection of the substructure. The contract contained the following provisions:
No claim for legal action, including those alleging negligence, may be commenced against the Company after one year from the date of inspection. (Emphasis added).
. . .
The Company's liability for any Client post-inspection claims, including those alleging error, omission, negligence or bodily injury, exclusive of any guarantee, is limited to $1,000. (Emphasis added).
*207 Prescription
Con-Claire argues that the home inspection was performed on November 9, 2001, prior to the closing on December 4, 2001; thus, pursuant to the contractual provision, the claims against it had to have been filed by November 9, 2002.
A home inspector has a duty to exercise reasonable care and skill in his undertaking. A breach of that duty constitutes a tort as well as a breach of contract. One has a prescriptive period of one year from date of injury and the other is subject to a liberative prescriptive period of ten years. In medical and legal malpractice as well as in products liability cases, the legislature has acted to reclassify the wrongful act to impose the shorter prescriptive period. The amendment to the petition adding Con-Claire as a defendant was within the ten-year prescriptive period applicable to contract claims. Con-Claire admits that the ten-year prescriptive period applies, but . . .
La. C.C. art. 3471 provides:
A juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null.
In the instant case, the contract does not exclude or lengthen prescription; however, the trial court found that the provision shortening prescription is more onerous than the legal requirements. In Prestridge v. Bank of Jena, 05-545 (La.App. 3d Cir.03/08/06), 924 So.2d 1266, writ denied, 06-0836 (La.06/02/06), 929 So.2d 1261, the Third Circuit held that an attempt to shorten the legal prescriptive period made the requirements of prescription more onerous and was null per La. C.C. art. 3471. Similarly, the Fourth Circuit in Contours Unlimited, Inc. v. Board of Commissioners of the Port of New Orleans, 93-1269 (La.App. 4th Cir.12/30/93), 630 So.2d 916, writ denied, (La.03/18/94), 634 So.2d 863, found an attempt to shorten the legal prescriptive period more onerous.
In this case, the contract attempts to shorten the ten year prescriptive period provided by law. Further, Cameron could not file a claim until he had knowledge of the defects in the property. The provision limiting the prescriptive period for all claims including those alleging negligence is silent as to the doctrine of contra non valentem, that is, that prescription does not begin to run until plaintiff either knew or should have known of the cause of action. La. C.C. art 3467; Plaquemines Parish Comm. Council v. Delta Dev. Co., 502 So.2d 1034 (La.1987), writ denied, 97-0533 (La.04/18/97), 692 So.2d 451. Although in the present case the theory would have little application, to sweep away the contra non valentem doctrine clearly renders this peremptive provision more onerous.
Limiting Liability
Cameron appealed the trial court's grant of Con-Claire's motion for partial summary judgment limiting Con-Claire's liability to $1,000.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Jones v. Estate of Santiago, 03-1424 (La.04/14/04), 870 So.2d 1002; State ex rel. Louisiana Dept. of Education-Food Service v. Bright Beginnings Child Care, Inc., 42,146 (La.App.2d Cir.05/16/07), 957 So.2d 362. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a *208 matter of law. La. C.C.P. art. 966; Jones, supra.
The contract was drafted by Con-Claire and the clear intent of the restrictive provision was to limit Con-Claire's potential liability to a nominal amount. La C.C. Art 2004, however, provides:
Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.
Any clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party.
The trial court granted the motion for partial summary judgment limiting liability to $1,000 stating:
It is true there is a code article dealing with limitation of liability for gross negligence or intentional acts, but I believe those have to be specifically pled and there's no pleading alleging either intentional acts or gross negligence. So we take the pleadings as we find them . . . (and) the exclusion . . . is enforceable.
The Louisiana Code of Civil Procedure provides that no technical forms of pleading are required. La. C.C.P. art. 854. Further, La. C.C.P. art 862 states:
Except as provided in Article 1703, a final judgment shall grant the relief to which the party is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief. (Emphasis added).
A party may be granted any relief to which he is entitled so long as the facts pled gave the opposing party adequate notice of the existence of potential causes of action. Cox v. W.M. Heroman and Co., 298 So.2d 848 (La.1974).
Thus, we find that the trial court was wrong not to consider La. C.C. art.2004's proscription against excluding limits of liability in advance for intentional or gross fault.
In opposition to Con-Claire's motion for partial summary judgment, Cameron presented the reports of two civil engineers and a soil stabilization expert. All of these experts found substantial substructure problems. They presented in support of their opinions photographs and explanations regarding the substructure of Cameron's house. A summary of one engineer's investigation states:
[T]he foundation is not structurally stable because the masonry fireplace has no piers for support and is causing the living room's floors to sag. There is also a cracked floor joist under the living room. The subject settlement may continue and adversely affect the utility or livability of the living area. You should note that the strength of the structure is in the wood framing.
The other experts were in agreement with that finding.
The implications are clear and there are material questions of fact concerning the inspection and whether such an inspection was done or perform so inadequately as to be gross negligence. We are constrained to find genuine issues of material fact; thus Con-Claire was not entitled to summary judgment. La. C.C.P. art. 966; Jones, supra.

Conclusion
For the reasons set forth above, the trial court's judgment denying Con-Claire, Inc., d/b/a HouseMasters Home Inspections' peremptory exception of prescription is AFFIRMED; however, the judgment granting Con-Claire's motion for partial summary judgment is REVERSED. This matter is REMANDED to the trial court *209 for further proceedings consistent with this opinion.
CARAWAY, J., concurs with written reasons.
PEATROSS, J., dissents with written reasons.
MOORE, J., dissents for the reasons assigned by Judge PEATROSS.
CARAWAY, J., concurring.
I respectfully concur in the rulings of the majority.
Regarding the issue of prescription, the revision of the Civil Code articles on prescription and the addition of Article 3471 did not change the longstanding Louisiana view allowing for the contractual freedom to shorten prescription. This is shown by the cases cited by Judge Peatross in the dissent. It is also indicated by the article of the Greek Civil Code cited in the 1982 Revision Comments for Article 3471 upon which our new article is said to be based. That article of the Greek Civil Code clearly delineates the shortening or lengthening of the prescriptive period separately from the notion of an "onerous" contractual requirement placed otherwise on the operation of prescription. This case therefore does not require us to determine the meaning under Article 3471 of an onerous requirement on prescription.
Once the parties have attempted to alter prescription by contract, issues concerning the interruption of prescription, the concept of contra non valentem, or the understanding of the new regime in terms of prescription or peremption may arise depending upon the details of the language employed in the contract in changing prescription and the overall context of the contract and the parties' intent. In this case, the inspection report was rendered and delivered to the plaintiff on December 4, 2001, within one year of the initial filing of this action in redhibition against the vendor who, under the jurisprudence, may be a solidary obligor with Con-Claire for the termite damage. Osborne v. Ladner, 96-0863 (La.App. 1st Cir.2/14/97), 691 So.2d 1245. The completion of the contract on that date by Con-Claire's performance set in motion plaintiff's reliance upon the inspection and the running of the one-year prescription. The date of any actual inspection of the home's substructure remains a disputed material fact as observed by our reversal of the ruling on the partial summary judgment. Therefore, plaintiff has made a prima facie showing that prescription has not run.
PEATROSS, J., dissenting.
I respectfully dissent. La. C.C. art. 3471 prohibits changing a prescriptive period only where the requirements of prescription are made "more onerous." Comment (a) to the article states that, while the provision is new, it does not change the law. The jurisprudence historically has allowed contractual shortening of prescriptive periods, holding that such limitations, if reasonable, are binding on the parties. Leiter Minerals, Inc. v. California Co., 241 La. 915, 132 So.2d 845 (1961); Blanks v. Hibernia Ins. Co., 36 La. Ann. 599 (1884); Edson v. Merchants' Mut. Ins. Co., 35 La. Ann. 353 (1883); Ray v. Liberty Industrial Life Ins. Co., 180 So. 855 (La.App.1938); Landis & Young v. Gossett & Winn, 178 So. 760 (La.App. 2d Cir.1937). Even after the adoption of article 3471, courts had adhered to this general rule as controlling. See St. Mary Operating Co. v. Guidry, 06-1495 (La.App. 3d Cir.4/4/07), 954 So.2d 397, writ denied, 07-0962 (La.6/29/07), 959 So.2d 520; J.B. Mouton & Sons v. Alumawall, Inc., 583 So.2d 157 (La.App. 3d Cir. 1991); Con-Plex, Div. of U.S. Indus., Inc. v. Vicon, Inc., 448 So.2d 191 (La.App. 1st Cir.1984).
*210 Article 3471 has not been interpreted to prohibit all attempts to contractually shorten prescriptive terms. As an example, the two cases relied on by the majority, in which courts have disallowed shortening of prescriptive periods are those in which the parties have attempted to shorten the periods to clearly unreasonable periods of 30 or 60 days. See Prestridge v. Bank of Jena, 05-545 (La.App. 3d Cir.3/8/06), 924 So.2d 1266, writ denied, 06-0836 (La.6/2/06), 929 So.2d 1261; and Contours Unlimited, Inc. v. Board of Commissioners of the Port of New Orleans, 93-1269 (La.App. 4th Cir.12/30/93), 630 So.2d 916, writ denied, 94-0267 (La.3/18/94), 634 So.2d 863.
The question presented in this case, therefore, is whether the agreement in the inspection contract that requires suit to be brought within one year of inspection is "more onerous" or, under the jurisprudence, "unreasonable." I do not find that it is. Whether the applicable prescriptive period is ten years for an action in contract, or one year for an action in tort, the inspection report which failed to disclose any findings regarding the alleged substructural defect was issued 25 days after the inspection was performed, giving the plaintiff more than 11 months of the one-year prescriptive period in which to file an action. Unlike the 30- and 60-day periods in Prestridge, supra, and Contours, supra, I find 11 months to be a reasonable time for an aggrieved buyer to file suit. Even if prescription had not commenced until the issuance of the report, the plaintiff's action, filed more than four and a half years later, would have been prescribed. Furthermore, I do not read the contractual provision in the case sub judice as sweeping away the protections of the jurisprudentially created doctrine of contra non valentem as suggested by the majority and I have found nothing in the law to the contrary.
I also am not persuaded by the argument that the beneficiaries of home inspections are solely at the mercy of the inspector when it comes to knowledge of the date of the inspection, thereby leaving complete control of the commencement of the running of prescription with the inspector. Buyers contracting for inspections can and often do participate in determining when inspections are to be performed and nothing prohibits them from inquiring as to the date the inspection is to be performed.
For these reasons, I respectfully dissent and would reverse the judgment of the trial court, sustain the exception of prescription and dismiss the plaintiff's claims with prejudice.
NOTES
[1] On the denial of its exception, Con-Claire applied for writs which were granted. The case was docketed, and this court consolidated the writ grant and Cameron's appeal, considering both parties as appellants.