SCHOTT, Judge.
This is a suit by an architectural firm for the balance of fees due under a contract with Lafayette Hotel Ventures. The defendant is Twin City Federal Savings and Loan Association, the surety on a performance bond issued to Lafayette in connection with the project. In its response to the suit, Twin City relied upon a provision in the bond which required any suit on the bond to be filed within two years after the date of the bond. From a summary judgment in favor of plaintiff Twin City has appealed. The issue is whether the two year limitation is enforceable considering the contract as a whole and the law governing private works contracts.
The essential facts are undisputed. On March 10, 1983, Lafayette Hotel Venture and Twin City entered into a contract in which Twin City bound itself as surety for the payment of claims for labor and material supplied for the renovation of a hotel. One of the conditions was:
“3. No suit or action shall be commenced hereunder by any claimant:
(b) After the expiration of (1) year following the _ on which Principal Ceased work on said Renovation and Restoration, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.”
The contract further provided:
“Any suit under this bond must be instituted before the expiration of two (2) years from date.”
The work was completed in late 1984. Plaintiff billed for its final payment in February, 1985 and filed this suit in April. Twin City contends that the trial judge erred in failing to dismiss plaintiffs suit since it was filed more than two years after the date of the bond. Plaintiff contends that the filing of the suit was timely since it was filed within one year after work was completed in accordance with condition 3(b). We have concluded that plaintiffs position is supported by the law.
First, we consider the paragraph relied upon by Twin City to be ambiguous in that the intended meaning of “date” is not clear. Twin City argues that the obvious intent was the date of the instrument, but when the purpose of the bond is considered this meaning is not acceptable. At the time the bond was written there was no assurance that the work would be completed within two years. Had this been the case the bond, if given Twin City’s interpretation, would be useless as to those who supplied labor or materials more than two years after the date of the contract. Furthermore, LSA-C.C. Art. 1955 (1870), now Art. 2050 (1984), mandates an interpretation of the word “date” so as to give the meaning or sense resulting from the entire contract as a whole. When the two year clause relied upon by Twin City is read in conjunction with condition 3(b) and is interpreted as Twin City would have it, condition 3(b) becomes meaningless. An ambiguity in a contract is interpreted against the preparer. See C.C. Art. 2056 (1984) which is a codification of the jurisprudence as discussed in the comments to the article. Applying this principle to the word “date” in the two year clause we have concluded that it was not intended to mean the date of the contract.
Second, we have concluded that the Private Works Act, R.S. 9:4801 et seq. prevents the interpretation Twin City would place on its contract. We recognize that the owner of a private work is under no duty to supply a bond in the first instance. In the final analysis he must decide if the risk of liens warrants the expense of purchasing the bond. Thus, it would seem that the owner, not obliged to furnish any bond, could furnish one with limited protec *1193 tion to suppliers. But the law provides otherwise. R.S. 9:4812(D) provides:
“The bond of a legal surety attached to/and filed with the notice of contract of a general contractor shall be deemed to conform to the requirements of this part notwithstanding any provision of the bond to the contrary....”
The words “this part” refer to the entire Private Works Act which is Part I of Chapter 2 of Code Title XXI of Code Book III of Title 9 of the Louisiana Revised Statutes. One of the requirements of the part is found in R.S. 9:4813(E) which provides:
“The surety’s liability except as to the owner, is extinguished as to all persons who fail to institute an action asserting their claims or rights against the owner, the contractor, or the surety within one year after the expiration of the time specified in R.S. 9:4822 for claimants to file their statement of claim or privilege.”
Since the work in question was not completed until 1984 the foregoing provisions insured the filing plaintiffs suit in April, 1985 was timely irrespective of the bond’s provision for a limitation on filing suit two years after the date of the bond— if that is what the contract was intended to mean.
In reaching this conclusion we are aware that the record does not establish that the bond was “attached to and filed with the notice” of the contract between Lafayette Hotel Venture and the owner, but filing — recordation—becomes crucial only where the rights of third parties are concerned, i.e. where there are competing claims which the public records vitally affect. Here we have no competing claims. We have only the plaintiff asserting a claim against a surety which was clearly subjected to the requirement of R.S. 9:4812(D) that it could not shorten the statutory prescriptive period for the assertion of a claim against it.
Twin City relies on Con Plex, Div. of U.S. Indus. v. Vicon, Inc., 448 So.2d 191 (La.App. 1st Cir.1984) to support its position that we could, without violating R.S. 9:4812(D), give effect to its two year limitation of liability, but that case has no application. It concerned a bond supplied by a subcontractor to the general contractor to insure the performance of the subcontractor’s work. It was not a bond, as here, provided by the owner to protect itself against the claims of suppliers against the contractor.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.