**E.H. GILMORE, INC.,**
Plaintiff–Appellant,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant–Appellee.

No. 88–3473
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1989.

Sally S. Gilmore, Metairie, La., for plaintiff-appellant.

Lloyd N. Shields, Paul J. McMahon, III, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff E.H. Gilmore filed suit against the United States Fidelity Guaranty Company (USF & G) to collect on a bond issued by USF & G as surety for Landis Construction Company. The district court granted USF & G's motion for summary judgment on the basis of prescription and Gilmore appealed. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Landis Construction Company (Landis) was engaged as a general contractor for the construction of certain improvements at the site of the Louisiana World Exposition (the Exposition). USF & G, as surety for Landis, issued a payment and performance bond pursuant to the Louisiana Private Works Act.[1] Appellant Gilmore, as sub-contractor, thereafter entered into two contracts with Landis whereby Gilmore agreed to perform electrical work for Landis at the Exposition site. The contracts between Landis and Gilmore were properly recorded, however, the bond was not.

Following the completion of the project, Gilmore, claiming that Landis owed him

---

1. La.R.S. 9:4801 *et seq.*

$131,996.05 on the two contracts, filed suit in the district court against USF & G as Landis' surety. Both parties agreed that Gilmore's work had been satisfactory, that the unpaid balance which he claimed he was owed by Landis was proper and that USF & G, as Landis' surety, had issued the bond in question. USF & G, however, moved for summary judgment asserting that Gilmore's claim had prescribed. Gilmore concurrently filed a cross motion for summary judgment in which he contended that his undisputed claim was timely filed. The district court denied Gilmore's motion for summary judgment, granted USF & G's motion for summary judgment and dismissed Gilmore's claim. Thereafter, Gilmore timely filed this appeal.

## II. DISCUSSION

The only issue on appeal in this case is whether Gilmore's claim against USF & G had prescribed under Louisiana law. In order to address that question, the bond issued by USF & G must be characterized as a statutory or conventional bond. More specifically, the inquiry is whether USF & G's bond is governed by the Louisiana Private Works Act (the "Act") or is a conventional obligation. The Louisiana Private Works Act provides for a prescriptive period of one year for claims on a statutory bond whereas Louisiana law allows a ten year prescriptive period on a conventional obligation. Gilmore urges that the bond in question was not issued in accordance with the Act whereas USF & G argues that it was.

As the district court noted, the bond on its face contains the following unequivocal language which evidences the parties' intent that the bond's provisions be governed by the Act:

It is expressly understood and agreed by and between the parties to this bond that the same is issued in accordance with Louisiana Revised Statutes of 1950, Title 9, Chapter 2, Sections 4801–4820 inclusive.

La.R.S. 9:4801 *et seq.* With regard to prescription, the Act provides that:

The surety's liability, except as to the owner, is extinguished as to all persons who fail to institute an action asserting their claims or rights against the owner, the contractor, or the surety within one year after the expiration of the time specified in R.S. 9:4822 for claimants to file their statement of claim or privilege.

La.R.S. 9:4813(E).

Notwithstanding the precision of the above language, Gilmore contends that because the bond was not properly recorded as required by the Act's provisions, then it should not be construed in accordance with the Act's terms. In *Peter M. Trapolin & Assoc. v. Twin City Fed.*, 488 So.2d 1191 (La.App. 4th Cir.1986), a Louisiana court resolved this issue in a manner which defeats Gilmore's contentions. The court held that the non-recordation of a surety bond was of little moment unless there existed third party competing claims. *Id.* at 1193. Because in the instant case, as was the situation in *Trapolin*, there is only one claim lodged against the surety, the absence of recordation does not compel a conclusion that the bond in question is conventional in nature with a ten year prescriptive period.

Gilmore next argues that a resolutory condition contractually agreed to by him and Landis which specified that the bond in question would remain in effect until final payment was made served to extend the prescriptive period. To that end, he further urges that the language of the contract upon which he hangs his hat is inextricably incorporated by the bond. The operative contractual language states that:

"[t]he performance bond and material payment bond shall remain in force from issuance date until thirty days (30) after completion of contract or until final payment is issued to contractor whichever comes later."

Even assuming incorporation, we are nevertheless unable to find that the above language serves to extend the period of prescription. Louisiana law is clear that an intention by a surety to extend the period of coverage of a bond must be voluntary and must be "expressly stated." *Jimco,*

*Inc. v. Gentilly Terrace Apartments, Inc.,* 230 So.2d 281, 284 (La.App. 4th Cir.1970); *see DeFrances Marble & Tile Co. v. Coxe,* 148 So.2d 83, 88 (La.App. 1st Cir.1962). As the district court concluded, the contractual language quoted above does not create a longer prescriptive period nor does it excuse a belated claim. Rather, the language serves to extend the time during which the bond shall remain in effect. Accordingly, we conclude that there is no ambiguity created by the contractual language as to the prescription issue and Gilmore's arguments to that end are misplaced.

■ The Louisiana Private Works Act provides that a subcontractor must file a claim within thirty days of the filing of a certificate of substantial completion. Since a certificate of substantial completion was properly recorded on June 20, 1984, Gilmore had until July 20, 1985, to timely file suit. Because Gilmore did not file suit until September 17, 1987, and for the reasons cited above, we are unable to conclude that the district court erred in finding that Gilmore's claim had prescribed.

## III. CONCLUSION

Concluding that the express language of the surety bond in question is controlling as to the issue of prescription in the instant case, we affirm the district court's grant of summary judgment in favor of USF & G and against Gilmore. Consequently, we deny Gilmore's claim for attorney's fees on the amount recovered as moot.

AFFIRMED.