COLE, Judge.
The issue in this case is the appropriate prescriptive period in a suit by a general contractor against his subcontractor. The facts are as follows:
Plaintiff, Elliot Construction Co., Inc., was principal contractor for a state construction project involving construction of a Community Education Center on the Baton Rouge campus of Southern University. Elliot subcontracted with Jackson Painting Company for certain painting and wall-covering work. Defendant, United States Fidelity and Guaranty Company (USF & G), as surety for Jackson Painting, issued a bond in the amount of $84,436.00. Jackson began work in January of 1974 and received payments from Elliot totalling $47,981.00. Sometime thereafter Jackson failed to perform its obligation and was put into formal default by Elliot on July 7,1975. Elliot was forced to complete Jackson’s portion of the contract at its own expense and on October 20, 1981, filed suit for sums expended.
USF & G filed the peremptory exception urging the objection of prescription, under La.Code of Civ.P. art. 927. Without assigning reasons, the trial court granted the exception and dismissed the suit. Elliot has appealed.
USF & G argues that as surety for a subcontractor, they are protected by La.R.S. 38:2189, which at the time of this default[1] read as follows:
“Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration or repair of any public works let by the state or any of its agencies, boards or sub-divisions shall prescribe three years from the registry of acceptance of such work or of notice of default of the contractor unless otherwise limited in this said chapter.”
The basic question presented is whether or not a suit by a contractor against a subcontractor falls within the ambit of this article. We conclude it does not for several reasons.
We note at the outset the term “contractor” is not defined in Title 38, which deals with public contracts, works and improvements. Appellee argues we should accept the definition of contractor as provided in La.R.S. 37:2157 and 2162. Title 37 is entitled “Professions and Occupations.” Article 2157 A defines contractor, “For the purpose of this Chapter....” and article 2162 reads, “The following terms used in this Chapter shall have the definition as herein ascribed to them.. .. ” Assuming, arguendo, these statutes include a subcontractor within the definition of “contractor,” the definitions are limited to the provisions found within that chapter and should not be allowed to dictate the meaning of the term in other titles of the revised statutes. Moreover, we think a better interpretation of R.S. 37:2157 is that a “subcontractor” is not a “contractor” because he does not “in any manner assume charge of the construction”; and, under R.S. 37:2162, a “subcontractor” is not a “contractor” because he does not contract directly with the owner. In the latter regard, R.S. 2162(3) specifically defines “Subcontractor” as one “who contracts directly *1204 with the primary contractor for the performance of a part of the principal contract, or with another subcontractor for the performance of a part of the principal contract.” Reading these two provisions in pari materia suggests a clear delineation between the two concepts.
For this reason we also reject appellee’s argument that the case of United Stage Equip. v. Chas. Carter & Co., 342 So.2d 1153 (La.App. 1st Cir.1977), stands for the proposition the term contractor includes the term subcontractor. The case so held, but only for purposes of licensing requirements, a matter governed by Title 37 and one not relevant to the issue now under consideration.
We note, too, although there is one case which addresses the applicability of the statute in another context (to be discussed below), there appear to be no Louisiana cases dealing specifically with the statute as it applies to suits against subcontractors. Therefore this specific issue is res nova. Without a specific definition or definitive case law on the matter, we must employ the traditional methods of statutory interpretation.
According to La.Civ.Code art. 15[2] we should interpret terms of art or technical terms according to the way they are used in the trade. The word “contractor” is ordinarily used in the building industry to refer to the general (or principal) contractor, i.e., one who contracts with the owner, rather than with the subcontractor. Frank v. Waters, 162 La. 255, 110 So. 413 (1926).
Article 16[3] tells us when the meaning of a word is dubious, we should examine the context in which it appears. We note the text of the statute at issue speaks only in the singular, i.e., “the contractor,” “the contract,” “the bond,” “the surety,” “on the bond furnished by the contractor,” etc. This indicates the statute is addressing only one person as the contractor on a job, as opposed to the many subcontractors associated with a state building project.
Article 17[4] mandates laws on the same subject matter should be interpreted in reference to one another in order to clarify their meanings. Various other statutes in Chapter 10 of Title 38 speak specifically of “the contractor of subcontractor.” See 38:2241 A & B, and 2242. This indicates to us that when the legislators wanted a statute to apply to both contractors and subcontractors, they so stated. If they provided specifically for subcontractors in some parts of the law it would be erroneous for us to assume they also intended to include subcontractors when the term “contractor” appears alone.
The Louisiana Supreme Court commented upon the meaning of the term “contractor” in 38:2189 in State ex rel. Guste v. Simoni, Heck & Associates, 331 So.2d 478 (La.1976). The issue there was whether or not the architect on a state project was protected by the short prescriptive period afforded “contractors.” When the case was before us (314 So.2d 477, 481), we concluded, “the legislature ... used the term ‘contractor’ in the broad sense, i.e., ‘any one who contracts.’ ” Therefore, we concluded since the architect had indeed contracted, he was covered by the statute.
The Supreme Court granted writs and reversed, heartily disagreeing with this court’s conclusion that the term “contractor” included anyone who contracted. The court stated at page 484:
“Under the terms of La.R.S. 38:2189, the short three-year prescriptive period obviously applies to the liability of the *1205 general contractor and his surety on the public construction contract.” (Emphasis added.)
The court gave a brief overview of the statute and noted in some parts of the law specific provisions were made for architects and engineers. The Supreme Court concluded, apparently as we did herein, that if the legislators specifically provided for architects in some provisions of the law, they did not intend architects to be included in the general term “contractor.”
In the Simoni case the Supreme Court stated clearly this court’s previous interpretation of “contractor” in the “broad sense” was incorrect. Although the Simoni court was concerned about the applicability of the statute as to architects rather than as to subcontractors, we feel the same reasoning applies here. We decline to err again by interpreting “contractor” in a broad sense, but instead interpret it in the more narrow sense as it is used in the construction business and as the statute indicates it should be interpreted: to include only the primary or general contractor.
As a final observation, the Simoni court noted ambiguous prescription statutes must be strictly construed against prescription and in favor of the obligation sought to be extinguished by it, citing United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956).
In conclusion, a subcontractor is not protected by R.S. 38:2189. The matter here is a simple contract between a subcontractor and a general contractor. The relationship is not governed by the Public Works Act but instead by general contract law. Therefore the applicable prescriptive period is found in La.Civ.Code art. 3544 and is ten years. The judgment dismissing plaintiff’s case is reversed. Costs are to be paid by defendant, United States Fidelity and Guaranty Company.
REVERSED.

. The statute was amended in 1975, (effective September 12, 1975) to change the applicable time period to 5 years.

. Art. 15: “Terms of art or technical terms and phrases, are to be interpreted according to their received meaning and acceptation with the learned in the art, trade or profession to which they refer.”

. Art. 16: “Where the words of a law are dubious, their meaning may be sought by examining the context with which the ambiguous words, phrases and sentences may be corn-pared, in order to ascertain their true meaning.”

.Art. 17: “Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another.”