**T & R DRAGLINE SERVICE, INC.,**
**Plaintiff-Appellant,**

v.

**CNA INSURANCE COMPANY,**
**Defendant-Appellee.**

No. 86–3198
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1986.

Walter J. Rothschild, Gretna, La., for plaintiff-appellant.

Matt J. Farley, Thomas E. O'Keefe, New Orleans, La., for defendant-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In this Louisiana diversity case, the lessor of equipment to a subcontractor on a public works project sued the subcontractor's surety to recover monies allegedly due on the lease. The district court held that the suit was barred by prescription. The question presented is whether the labor-and-material-payment bond posted by the subcontractor may contain a shorter contractual prescriptive period than the statutory period established by the Louisiana Public Works Act. The Act pertains in terms to contracts between a public agency and a contractor. We hold that it does not forbid the surety that bonds the subcontractor's performance of a subcontract made by the general contractor on the public work to prescribe a shorter period for actions on the subcontractor's bond. We therefore sustain dismissal of the suit as untimely.

The State of Louisiana contracted with Fejta Construction Company, Inc. to provide excavation work in connection with the construction of a port project. In July 1983 Fejta subcontracted a portion of the work to Owl Construction Company, Inc. As a condition of the subcontract, Fejta required Owl to post a performance bond and a labor-and-material-payment bond. The labor-and-material-payment bond contained a provision requiring that any suit to enforce the bond be brought within one year of the date on which the subcontractor ceased work on the subcontract. Owl completed its work under the subcontract by December 31, 1983. The plaintiff, who had leased equipment to Owl for use on the port project and allegedly was not paid, filed this action on May 15, 1985. If the prescriptive period in the bond controls, then the suit is time-barred.

The Louisiana Public Works Act provides that any state agency entering into a construction contract for an amount in excess of $1,000 must require the contractor to furnish a performance bond with a "good, solvent and sufficient surety" for at least fifty percent of the contract price.[1] The Act establishes a prescriptive period for a suit on the contractor's bond of one year from the time the public agency registers its acceptance of the contractor's work or notice of the contractor's default.[2] It further requires the provisions of the bond to conform to the provisions of the Act and forbids contractual modification of the statutory requirements.[3]

If the bond provided by Owl is a statutory bond, the Public Works Act provides the applicable prescriptive period[4] and, the parties agree, this action is timely. If the bond is a conventional one, however, its terms are governed by general principles of contract law. In that case, the one-year period of prescription stated in the bond

would be valid and the plaintiff's claim would have prescribed.

Section 38:2241 C of the Public Works Act states: "The payment provisions of *all* bonds for public work contracts *described in this Part* ... shall be construed as and deemed statutory bond provisions." (Emphasis ours.) The plaintiff contends that the Louisiana legislature intended by this language to define all bonds issued in connection with a public works project as statutory bonds. The Public Works Act, however, requires a bond only for the contract between the public agency and the party with whom it contracts, *i.e.*, the general contractor. Nothing in the Act requires the general contractor to exact a bond from those to whom he subcontracts part of the work. The provision that requires all bonds to be construed as statutory bonds relates only to bonds "described in this Part," that is, in the portion of the revised statutes relating to bonds required of general contractors on public works.

The Louisiana Court of Appeal in *Gateway Barge Line, Inc. v. R.B. Tyler Co.,*[5] construed the Public Works Act as inapplicable to bonds posted by subcontractors in connection with state projects. While the issue in that case was whether a person who was not named as obligee in a subcontractor's bond had a right of action under the bond, the court said in dicta:

There is no dispute that the bond is a conventional bond and not a statutory one. The obligations imposed by our public contract law (R.S. 38:2241) do not therefore apply.[6]

Similarly, in *Elliot Construction Co., Inc. v. United States Fidelity & Guaranty Co.,*[7] a surety sought to avoid liability by contending that a subcontractor's bond was statutory and not conventional. The Court of Appeal, however, concluded that it was

1. La.Rev.Stat.Ann. § 38:2241 A (West Supp. 1986).

2. *Id.* at § 38:2247.

3. *Id.* at § 38:2241 C.

4. *Id.* at § 38:2247.

5. 175 So.2d 867 (La.App. 1st Cir.1965).

6. *Id.* at 869.

7. 424 So.2d 1202, 1204 (La.App. 1st Cir.1982).

the intention of the Louisiana legislature to exclude subcontractors from the requirement of posting surety bonds on public work projects. It held that, therefore, the contract between a subcontractor and a general contractor was not governed by the Public Works Act but by general contract law.

If the general contractor, Fejta, and the subcontractor, Owl, had concluded their arrangement without requiring Owl to post a bond, the subcontract would nevertheless have been valid; the absence of the bond would not have constituted a violation of Louisiana law. Fejta's requirement that Owl provide a bond did not, therefore, actuate the Public Works Act.

The bond in question is a conventional bond, not a statutory bond. Its provisions therefore control. For these reasons, the judgment is AFFIRMED.