WICKER, J.
I iThis litigation arises out of the construction of a public building in accordance with 'the Public Works Act, La. R.S. 38:2211, et seq. The issue presented in this writ application is whether a bond, issued pursuant to a contract between a subcontractor and the general contractor for a public construction project, is a statutory bond — subject to the ñve-year per-emptive period provided in La. R.S. 38:2189 — or a conventional bond — subject to the one-year prescriptive period specifically set forth under the provisions of the bond. If the subcontractor bond is a statutory bond, then the peremptive period under La. R.S. 38:2189 applies and the general contractors claims against tbe subcontractor’s surety in this case are timely. However, if the subcontractor’s bond is a conventional bond, then the one-year prescriptive period set forth in the bond applies and the general contractor’s claims against the subcontractor’s sur,ety are prescribed. We find that, because a subcontractor is not required by statute to obtain a bond for its performance on a public project under the Public Works Act, the subcontractor bond at issue is a conventional bond and, thus, the one-year prescriptive period set forth in the bond applies. Accordingly, we reverse the judgment of the trial court and grant summary judgment in favor of relator-surety, finding that the claims against it are prescribed.

FACTUAL AND PROCEDURAL BACKGROUND:

On February 3, 2009, respondent herein, MAPP Construction, LLC, entered into a contract with'the Law Enforcement District of Jefferson Parish (the District) for the construction of a new forensic crime lab in Gretna, Louisiana (hereinafter “the Project”). In connection with MAPP’s contract for the Project, Travelers Casualty and Surety Company (Travelers), relator herein, issued a bond, No. 105223874, naming MAPP as principal and the District as obligee. On October 1, 2009, MAPP entered into a subcontract with Casey Civil, LLC for certain work 12related to the Project. Pursuant to the terms of the subcontract, Casey Civil secured a surety bond, also issued by Travelers, No. 105345813, naming Casey Civil as principal and MAPP as obligee (hereinafter “the Subcontractor Bond”). It is undisputed that the Project was substantially completed on September 24,2010.
The District subsequently filed suit in the Twenty-Fourth Judicial District Court *898 against MAPP for various damages arising out of the Project. On June 9, 2015, MAPP filed an answer to the District’s petition and a third-party demand against various subcontractors and insurers, including Casey Civil, LLC, as well as Travelers, in its capacity as surety for Casey Civil. In its third-party 'demand, MAPP alleged that, pursuant to the subcontract, Casey Civil agreed to “defend, indemnify and save harmless MAPP from and against damages connected with its work.”
On July 14, 2015, Travelers, in its capacity as surety for Casey Civil, filed an answer to MAPP’s third-party demand and a peremptory exception of prescription. Travelers additionally filed a'motion for partial summary judgment,, alleging that MAPP’s claims against Travelers in its capacity as surety for Casey Civil are procedurally time-barred under the terms of the Subcontract Bond, which sets forth a one-year prescriptive period.[1] MAPP filed an opposition to Travelers’ exception and motion, arguing that any and- all claims arising out of the construction of the public project at issue are subject to a 5-year peremptive period under La. R.S. 38:2189. It is, undisputed that the Project was substantially | ^completed on September 24, 2010, and that MAPP’s third-party demand was filed on June 9, 2015.
Following a contradictory hearing, the trial judge denied Travelers’ peremptory exception and motion for partial summary judgment, finding that the five-year per-emptive period under La. R.S. 38:2189 applies to any and all claims arising out of the Project. Relator, Travelers, in its capacity as surety for Casey Civil, has filed a writ application seeking review of that judgment. For the following reasons, we reverse the trial court judgment and grant summary judgment in favor of Travelers in its capacity as surety for Casey Civil, dismissing MAPP’s claims against it.[2]

*899
DISCUSSION

In 1918, the legislature enacted Act 224, the precursor to the modern Public Works Act, to “protect those performing labor and furnishing materials for public works.” Pierce Founds., Inc. v. JaRoy Constr., Inc., 15-0785 (La.05/03/16), 190 So.3d 298, citing Wilkin v. Dev Con Builders, Inc., 561 So.2d 66, 70 (La.1990). The Public Works Act requires that a contractor awarded a public contract in excess of $25,000.00 obtain “a bond with good, solvent, and sufficient surety in a sum of not less than fifty percent of the contract price for the payment by the contractor or subcontractor to claimants as defined in R.S. 38:2242.” La. R.S. 38:2241(A)(2). The bond required under La. ' R.S. 38:2241(A)(2) “shall be a statutory ’bond” and cannot be modified by contract. Re-latedly, any claims against 14“the contractor” or “the surety” on “the bond” must be brought within five years from the date of the project’s substantial completion. La, R.S. 38:2189.
The issue presented in this writ application requires interpretation of the statutory language provided in La. R.S. 38:2241 and 38:2189 to determine whether a subcontractor bond — issued in connection with a public project but pursuant to a contract between the general contractor and a subcontractor — qualifies as a statutory bond under La. R.S. 38:2241 and is, thus, subject to the five-year peremptive’ period provided in La. R.S. 38:2189.
The starting point for interpretation of any statute is the language of the statute itself. Pierce Founds., Inc., supra. Additionally, “all laws pertaining to the same subject matter must be interpreted in pari materia, or in reference to each other.” Id., quoting State v. Williams, 10-1514 (La.3/15/11), 60 So.3d 1189, 1191; see also La. C.C. art. 13. “The Public Works Act is sui generis and provides exclusive remedies to parties in public construction work.” State v. McInnis Bros. Constr., 97-0742 (La.10/21/97), 701 So.2d 937, 944, citing U.S. Pollution Control, Inc. v. National American Ins. Co., 95-153 (La.App. 3 Cir. 8/30/ 95), 663 So.2d 119, 122. Therefore, the Act must be strictly construed. Pierce Founds, Inc., supra:
La. R.S. 38:2241(A)(2) sets forth the bond requirement under the Public Works Act, stating that:
For each contract in excess of twenty-five thousand dollars per project, the public entity shall require of the contractor a bond with good, solvent, and sufficient surety in a sum of not less than fifty percent of the contract price for the payment by the contractor or subcontractor to claimants as defined in R.S. 38:2242. The bond furnished shall be a statutory bond and no modification, omissions, additions in or to the terms of the contract,.in the plans or specifications, or in the manner and.mode of payment shall in any manner diminish, enlarge, or .otherwise modify the obligations of the bond.
|fiThus, La. R.S. 38:2241(A)(2) requires that “the contractor” obtain “a bond” in connection with the public contract awarded. The bond required under La. R.S. 38:2241(A)(2) “shall be a statutory bond” and cannot be modified by contract. Id.
La. R.S. 38:2189, as enacted in 1962 and amended in 1975, sets forth. a five-year peremptive period for claims “on the bond” as follows[3]:
*900 Any action against the contractor on the contract or on the. bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public works let by .the state or any of its agencies, boards or subdivisions shall prescribe 5 years .from the substantial completion, as defined in R.S. 38:2241.1, or acceptance of such work, whichever occurs first, or of notice of default of the contractor unless otherwise limited in this Chapter.
La. R.S. 38:2189 provides the peremp-tive period for any action against “the contractor” or “the surety” on “the bond” in connection with a public works project. The Louisiana Supreme Court has stated that La. R.S. 38:2189 should be strictly construed so as to not expand the liability of the surety beyond that set forth explicitly in the statute. State v. McInnis Bros. Constr., 97-0742 (La.10/21/97), 701 So.2d 937, 944.
■ Title 38 of the Revised Statutes, specifically, La. R.S. 38:2211(4) of the Public Works Act, defines the term “contractor” as “any person or other legal entity who enters into a public contract.” A “contract” or “public contract” is defined under the Act as “any contract awarded by any public entity for the making of any public works or for the purchase of any materials or supplies.” Thus, any legal entity may be deemed a “contractor” under the Act, if it is “awarded” a contract “by any public entity.”
In opposition to this writ application, MAPP argues that any and all claims arising out of work performed on a public construction project,' including claims | (¡against a subcontractor’s surety, are subject to the five-year peremptive period under La. R.S. 38:2189. In support of its position, MAPP relies on Orleans Parish Sch. Bd. v. Scheyd, Inc., 98-2989 (La.App. 4 Cir. 06/16/99), 737 So.2d 964. In that case, the Fourth Circuit Court of Appeal found that a subcontractor bond is a statutory bond subject to the five-year per-emptive period under La. R.S. 38:2189, reasoning that a subcontractor meets the definition of a “contractor” under the Public Works Act. The Court considered the definition of the term “contractor” within a separate title of the Revised Statutes, Title 37, titled “Professions and Occupations.” In that title, a contractpr is defined to include “general contractors, subcontractors, architects, and engineers who receive an additional fee for the employment or direction of labor, or any other work beyond the normal architectural or engineering services.” As discussed below, we disagree with the reasoning of the Fourth Circuit in Scheyd, supra, and decline to follow its holding in this case.
The First Circuit Court of Appeal, in Elliot Constr. Co. v. United States Fidelity & Guaranty Co., 424 So.2d 1202 (La.App. 1 Cir.1982), specifically rejected the argument that the definition of “contractor” from Title 37 should be considered in interpreting the definition of “contractor” under the. Public Works Act in Title 38. La. R.S. 37:2150.1 provides the definition of a contractor, “[a]s used in this Chapter[.]” The First Circuit, in Elliot, supra, opined that, “definitions are limited to the provisions found within that chapter and should not be allowed to dictate the meaning of the. term in other titles of the revised statutes.” Elliot Constr. Co., 424 So.2d at 1203. In holding that a subcontractor is not a contractor under the Public Works Act, the First Circuit reasoned:
Various other statutes in ..Title 38 speak specifically of “the contractor [or] subcontractor.” See 38:2241 A & B, and 2242. This indicates to us that when the legislators wanted a statute to apply to both contractors and subcontractors, *901 they so stated. If they provided specifically for subcontractors in some parts of the law it would be |7erroneous for us to assume they also intended to include subcontractors when the term “contractor” appears alone.
Elliot Constr. Co, 424 So.2d at 1204.
The Federal Fifth Circuit Court of Appeals has further addressed this issue and determined that the “Public Works Act ... requires a bond only for the contract between the public agency and the party with whom it contracts, ie., the general contractor.” T & R Dragline Serv., Inc. v. CNA Ins. Co., 796 F.2d 133, 134 (5th Cir.1986). In holding that a subcontractor’s bond is not a statutory bond under the Public Works Act, the Court reasoned:
Section 38⅞241 C of the Public Works Act states: “The payment provisions of all bonds for public work contracts described in this Part ... shall be construed as and deemed statutory bond provisions.” (Emphasis ours.) The plaintiff contends that the Louisiana legislature intended by this language to define all bonds issued in connection with a public works project as statutory bonds. The PublicWorks Act, however, requires a bond only for the contract between the public agency and the party with whom it contracts, 4. e„ the general contractor. Nothing in the Act requires the general contractor to exact a bond from those to whom he subcontracts part of the work. The provision that requires all bonds to be construed as statutory bonds relates only to bonds “described in this Part,” that is, in the portion of the revised statutes relating to bonds required of general contractors on public works.
T & R Dragline Serv., Inc., 796 F.2d at 134.
Moreover, the Louisiana Supreme Court has interpreted the scope of the term “contractor” under the Public Works Act and has found that, “[ujnder the terms of La. R;S. 38:2189, the ... prescriptive period obviously applies to the liability of the general contractor and his surety on the public construction contract.” State ex rel. Guste v. Simoni, Heck & Associates, 331 So.2d 478, 485 (La.1976) (emphasis added).[4]
^Accordingly, based upon the statutory language provided in La. R.S. 38:2189 and La. R.S. 38:2241, and the applicable jurisprudence, we find that a subcontractor’s bond, under, the facts of this case is not a statutory bond but is rather a conventional surety bond. Therefore, the terms of the Subcontractor Bond in this case control. .
The Subcontractor Bond at issue contains the following provision:
Any suit by Obligee under this bond must be instituted before the earlier of: (a) the expiration of one year from the date of substantial completion of the Construction Work, or (b) one year after Principal ceased performing the Con *902 struction Work under the Subcontract, excluding warranty work.
Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so. La. C.C. art. 3035. Suretyship may be qualified, conditioned, or limited in any lawful manner. La. C.C. art. 3040. Louisiana courts have consistently held that a surety contract- may provide, as a condition to the contract, a qualified or limited prescriptive period. Univ. of La. Monroe Facilities, Inc. v. JPI Apt. Dev., L.P., 49,148 (La.App. 2 Cir. 10/08/14), 151 So.3d 126, 130, citing National Tea Co. v. Plymouth Rubber Co., 95-254 (La.App. 5 Cir. 10/18/95), 663 So.2d 801; J.B. Mouton & Sons Inc. v. Alumawall Inc., 583 So.2d 157 (La.App. 3 Cir.1991); Con-Plex, Div. of U.S. Indus. Inc. v. Vicon Inc., 448 So.2d 191 (La.App. 1 Cir.1984); Landis & Young v. Gossett & Winn, 178 So. 760 (La.App. 2 Cir.1937); Kiva Const. & Eng’g Inc. v. International Fidelity Ins. Co., 749 F.Supp. 753 (W.D.La.1990), aff'd, 961 F.2d 213 (5th Cir.1992). In this case, it is undisputed, and the documentation submitted in connection with Travelers’, motion for partial summary judgment reflects, that the date of substantial completion of the Project was September 24, 2010. MAPP’s third-party demand, naming Travelers in its |3capacity as surety for Casey Civil as a third-party defendant, was filed on June 9, 2015, beyond the one-year prescriptive period set forth in the Subcontractor Bond.
Accordingly, we find that MAPP’s claims against Travelers in its capacity as surety for Casey Civil are prescribed pursuant to the terms within the Subcontractor Bond. Accordingly, the judgment of the trial court is reversed. We hereby grant summary judgment in favor of Travelers in its capacity as surety for Casey Civil, and dismiss MAPP’s claims against it under Subcontractor Bond No. 105345813.

WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT GRANTED

. In support of its motion for partial summary judgment, Travelers, submitted the affidavit of Michael Burkhardt, claim counsel for Travelers, who attested that Travelers issued a performance bond, no, 105223874, naming MAPP as principal and the District as the obligee, issued in connection with MAPP’s contract for the construction of a Project known as "Jefferson Parish Forensic Crime Lab,’’ He further attested that Travelers subsequently issued a performance and payment bond, No, 105345813, naming Casey Civil as principal and MAPP as obligee. In further support of its motion, Travelers attached the subcontract agreement between MAPP and -Casey Civil, which required that Casey Civil obtain a performance and payment bond, within ten days of the issuance of the subcontract, "on Contractor’s standard form” and "with a surety or sureties satisfactory to ConTractor,” Travelers additionally attached the "Subcontract Performance and Payment Bond” issued by Travelers on October 14, 2009, in the amount of $506,970.00, listing MAPP as the obligee and Casey Civil as the principal. Travelers also submitted the Certificate of Substantial Completion, which reflects that the Chief Financial Officer of the District executed the certificate of substantial completion bn September 24, 2010, and that the Certificate was filed into the public records on that date.

. After the .filing of this writ application, Travelers, in its capacity as surety for MAPP Construction, LLC, filed a motion to withdraw its position in opposition to the exception and motion filed on behalf of Travelers, in its capacity as surety for Casey Civil, LLC. Although no opposition was formally filed in this Court in connection with this writ application, formal pleadings were filed in the trial court jointly on behalf of MAPP and Travelers, in its capacity as surety for MAPP. Traveler’s motion to withdraw its position in opposition of the motion is hereby granted. See Jefferson Parish Sch. Bd. v. Rittiner Eng'g Co., 570 So.2d 528, 529 (La.App. 5 Cir.1990) (wherein this Circuit held that the surety of a general contractor who has not made payment pursuant the bond, does not have a third party right of action against the surety of a subcontractor whose defective workmanship or negligence allegedly caused the damages for which the general contractor’s surety ' may be held liable.)

. Although the statute references that actions “shall prescribe” in five years, jurisprudence has established that the period provided in La. R.S. 38:2189 is peremptive. State v. McInnis Bros. Constr., supra.

, See also Miller v. Bonner, 163 La. 332, 344, 111 So. 776, 780 (1926), wherein the Louisiana Supreme Court found that a subcontractor bond is not a statutory bond, under the law preceding the; Public Works Act. The Court stated:
There is no provision in Act 49 of 1910 requiring a subcontractor to give bond to a contractor. The- bond in question, therefore, is conventional and not statutory, and its provisions, as written therein, necessarily constitute the law of the case between the parties, when ' considered in connection with the contract of Bonner. Although Bonner is not - liable to Miller or-to the interveners on his bond signed by the United States Fidelity & Guaranty Company as surety, yet he is personally liable to them as contractor in the case.