WHIPPLE, C.J.
Plaintiff, Lafourche Parish Water District No. 1 ("LPWD"), appeals a judgment of the district court maintaining an exception of peremption filed by Digco Utility Construction, LP ("Digco"), dismissing all claims asserted by LPWD against Digco with prejudice. For the reasons that follow, we affirm.
*22 FACTS AND PROCEDURAL HISTORY
According to the pleadings filed herein, on May 22, 2006, LPWD entered into a contract with Digco to construct an eighteen-inch public water pipeline from the Leeville Booster Station to the Leeville Bridge.[1] In order to complete the project, Digco utilized directional drilling to lay a water transmission line underground. A Certificate of Substantial Completion was filed in the Lafourche Parish mortgage and conveyance records on March 26, 2007, establishing that the project was substantially complete on January 31, 2007.[2] The certificate was executed by A1 Badeaux of Badeaux Engineers Incorporated and "accepted" by Sidney Triche, the President of LP WD, on behalf of LPWD on February 15, 2007.
On September 5, 2014, Auger Services, Inc. ("Auger"), a subcontractor of Entergy, was driving steel caissons into the ground in connection with work performed on a project to install storm-hardened electric transmission lines to southern Lafourche Parish, when it encountered resistance at approximately forty feet below the surface, the source of which was later discovered to be contact with the water transmission line laid by Digco. Auger continued to drive the caisson into the underground water transmission line, causing it to rupture. After the waterline ruptured, water began to flow and wash out the surface of the ground within the vicinity of the construction, which required that LPWD take emergency actions to repair the water transmission line.
On August 27, 2015, LPWD filed a petition for damages and breach of contract against Digco and Auger, averring that Digco laid the waterline nearly thirty feet deeper than the plans and specifications required, outside of the existing eight-foot right of way, and without correctly marking the location of the waterline. LPWD sought damages for all costs associated with remedial work to repair and replace any and all damaged waterlines and valves.
Digco filed an exception of peremption, contending that LPWD's claims against it are perempted under the five-year peremptive period set forth in LSA-R.S. 38.-2189[3] and LSA-R.S. 9:2772.[4] Following a trial on the exception, the district court signed a judgment on May 15, 2018, maintaining Digco's exception of peremption and dismissing all claims asserted by LPWD against Digco, with prejudice, at LPWD's costs.
LPWD now appeals, contending that the district court incorrectly found that LSA-R.S. 38:2189 contemplates a peremptive period, when "the clear expression of the legislature" sets forth a prescriptive period.[5]
DISCUSSION
Liberative prescription is a mode of barring actions as a result of inaction for a *23 period of time. LSA-C.C. art. 3447. Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon expiration of the peremptive period. LSA-C.C. art. 3458. Peremption has been likened to prescription in that peremption is prescription that is not subject to renunciation, interruption , or suspension. See LSA-C.C. art. 3461 ; Bank v. Rayford, 2017-1244 (La. App. 1st Cir. 3/29/18), 247 So.3d 733, 735.
Peremption and prescription are properly raised by the peremptory exception, and the rules governing the burden of proof as to prescription also apply to peremption. See LSA-C.C.P. art. 927 ; Ouatrevingt v. State, ex rel. Landry, 2017-0884 (La. App. 1st Cir. 2/8/18), 242 So.3d 625, 632, writ denied, 2018-0391 (La. 4/27/18), 239 So.3d 837. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if the plaintiff's claim is perempted or prescribed on its face, the burden shifts to the plaintiff to show the action is not perempted or prescribed. See Prevo v. State, ex rel. Department of Public Safety and Corrections Division of Probation and Parole, 2015-0823 (La. 11/20/15), 187 So.3d 395, 398. Evidence may be introduced to support or controvert the exceptions of peremption and prescription. See LSA-C.C.P. art. 931.
Louisiana Revised Statute 38:2189, entitled "Prescription," provides that:
Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public works let by the state or any of its agencies, boards or subdivisions shall prescribe 5 years from the substantial completion, as defined in R.S. 38:2241.1, or acceptance of such work, whichever occurs first, or of notice of default of the contractor unless otherwise limited in this Chapter. [Emphasis added.]
This statute was intended to apply to actions brought by the state (or its agencies, boards, or subdivisions) against the contractor on the contract or its surety in connection with public works let by the state or any of its agencies. State, ex rel. Division of Administration v. Mclnnis Brothers Construction, 97-0742 (La. 10/21/97), 701 So.2d 937, 945, citing Honeywell, Inc., v. Jimmie B. Guinn, Inc., 462 So.2d 145, 148 (La. 1985). In Mclnnis, the Supreme Court, after conducting an extensive and thorough analysis, determined that the five-year time limitation set forth in LSA-R.S. 38:2189 was peremptive - not prescriptive.[6] See *24 State, ex rel. Division of Administration v. Mclnnis Brothers Construction, 701 So.2d at 946-948. This holding has been consistently recognized and applied in the appellate circuit courts of this state. See Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 2007-0107 (La. App. 1st Cir. 2/8/08), 984 So.2d 72, 85 ; Bossier Parish School Board v. LeBlan c, 45,632 (La. App. 2nd Cir. 9/22/10), 48 So.3d 355, 358, writ denied, 2010-2396 (La. 12/17/10), 51 So.3d 13 ; Plaquemines Parish Government v. Burk-Kleinpeter, Inc., 2015-1152 at p. 4 (La. App. 4th Cir. 3/9/16) (unpublished), 2016 WL 915393 ; Orleans Parish School Board v. Scheyd, Inc., 98-2989 (La. App. 4th Cir. 6/16/99), 737 So.2d 954, 957-958. writ denied, 99-2103 (La. 11/5/99), 750 So.2d 181 ; Law Enforcement District of Jefferson Parish v. Mapp Construction. LLC, 2016-220 (La. App. 5th Cir. 6/30/16), 196 So.3d 896, 900.
On appeal, LPWD contends that the legislature contemplated that the five-year period set forth in LSA-R.S. 38:2189 was prescriptive, and that "[j]urisprudence stating otherwise is largely based on unnecessary and misguided endeavors to uncover the legislature's intent, as well as purported 'public policy concerns' which seem to have been manifested solely by proclamation of the court, rather than that of the legislature." LPWD further contends that under the facts of this case, LPWD had no way of knowing or determining that the water transmission line in question actually deviated outside of its servitude, particularly when surface markers installed by Digco and/or its subcontractor gave LPWD every indication that the waterline was within LPWD's servitude. For these reasons, and citing equitable concerns, LPWD contends that *25 the commencement of the running of the prescriptive period was suspended by the doctrine of contra non valentum until September 5, 2014, when the incident occurred.[7]
In support of its argument, LPWD contends that in Mclnnis, the court "improperly classified" LSA-R.S. 38:2189 as peremptive, and that its reasoning for doing so is "misplaced." Instead, LPWD argued that we should apply the reasoning of Justice Lemmon in his dissenting opinion (that there is no legitimate public policy reason for imposing a peremptive period in actions against contractors in public works contracts, rather than the majority opinion of the Supreme Court.).
Pretermitting the LPWD's arguments on the merits of its claims against Digco, we conclude that as an intermediate appellate court, we are bound to follow decisions of the state Supreme Court. Pelican State Associates, Inc. v. Winder, 253 La. 697, 706, 219 So.2d 500, 503 (1969). In particular, when a question is not specifically regulated by statute and the Supreme Court has made the only available definitive ruling and the last expression of law as to the issue, we must follow those rulings. Oliver v. Magnolia Clinic, 2011-2132 (La. 3/13/12), 85 So.3d 39, 44 ; Cavalier v. State, ex rel. Department of Transportation and Development, 2008-0561, 2008-0562 (La. App. 1st Cir. 9/12/08), 994 So.2d 635, 641. Additionally, when a law has been interpreted by the Louisiana Supreme Court, and the legislature has not seen fit to change that law, it must be assumed that the legislature has adopted such interpretation. Matter of Carline Tank Services. Inc., 627 So.2d 669, 672 (La. App. 1st Cir. 1993) (on rehearing); see also St. Martin Land Co. v. Pinckney, 212 La. 605, 619-620, 33 So.2d 169, 173 (1947) ; Succession of Sciaccaluga, 177 La. 795, 798-799, 149 So. 458, 459 (1933).
In support of its exception of peremption, counsel for Digco introduced a copy of the petition for damages, a certified copy of the recorded certificate of completion, and the March 16, 2007 report from Badeaux Engineers. Thus, Digco contended that where the certificate of completion established that the project was substantially complete on January 31, 2007, LPWD's claims against Digco had expired before its petition was filed on August 27, 2015.
Where the Supreme Court has specifically instructed that the five-year time limitation period set forth in LSA-R.S. 38:2189 is peremptive,[8] see State, ex rel. Division of Administration v. Mclnnis Brothers Construction, 701 So.2d at 946-948, because LPWD's suit was not filed within five years of either acceptance of *26 the work or substantial completion, we find no error in the judgment of the district court maintaining Digco's exception of peremption.[9]
CONCLUSION
For the above and foregoing reasons, the May 15, 2018 judgment of the district court is affirmed. Costs of this appeal in the amount of $ 1,982.03 are assessed to the plaintiff/appellant, Lafourche Parish Water District No. 1.
AFFIRMED.

The contract was recorded in the mortgage and conveyance records of Lafourche Parish.

A March 16, 2007 report from Badeaux Engineers Incorporated confirmed that the waterline was put into service on January 31, 2007.

Notably, LSA-R.S. 38:2189 provides that any action against a contractor on a public works project let by the state or any of its agencies shall prescribe five years from substantial completion, as defined in LSA-R.S. 38:2241.1, or acceptance of such work, whichever occurs first.

Louisiana Revised Statute 9:2772 provides a five-year peremptive period for all actions involving deficiencies in construction of immovables or improvements thereon.

The judgment dismissing all claims against Digco is a final judgment for purposes of appeal. See LSA-C.C.P. art. 1915(A)(1).

The following is a brief excerpt of the analysis and discussion set forth in Mclnnis:
We turn now to the issue of whether La. R.S. 38:2189 is peremptive, and therefore not susceptible of suspension, interruption or renunciation for any reason, or prescriptive. We do so ever mindful of the earlier discussed jurisprudence of this court holding that peremption is a matter to be determined by legislative intent and public policy. Considering the plain, explicit language of the statute, the obvious purpose behind the statute, and the readily apparent public policy which mitigates against suspension, interruption or renunciation of that time limit and in favor of certainty in the termination of causes of action, we conclude that La. R.S. 38:2189 establishes a time limitation which is peremptive in nature.
Looking to the language used in the statute, we note it specifically states that any action against the contractor on the contract or on the bond or against the surety on the bond having to do with the construction of any public work let by the state or any of its agencies, boards or subdivisions shall prescribe 5 years from the substantial completion or acceptance of such work, whichever occurs first, or from notice of default of the contractor. Both substantial completion and notice of acceptance are specific, well-understood occurrences and are discussed in the Public Works Act as defining, significant events of the construction process. See La. R.S. 38:2241.1. These words are clear and unambiguous, and reflect an intent by the legislature to set forth a precise period of time to govern the filing of suit by a state entity against a general contractor or its surety under the Public Works Act. Legislation should be interpreted in a manner to give it effect rather than to render it meaningless. If we found La. R.S. 38:2189 to be prescriptive and capable of being suspended or interrupted for any reason, then no claim would ever prescribe within five years from the specific dates of substantial completion or notice of acceptance. This would totally abrogate the application and effect of La. R.S. 38:2189 and render it meaningless. Certainly, the legislature could not have intended to engage in an act of futility.
* * *
For the aforementioned reasons, we conclude La. R.S. 38:2189 erects a peremptive time limitation on the State's ability to bring suits against the contractor or the surety on a public works contract. We can think of no way in which the legislature could have more explicitly stated that claims by the State against a general contractor arising out of a public works contract shall be brought only in this specific five year period and not thereafter without our having to conclude that it was necessary for the legislature to specifically state in the statute that it is peremptive and not susceptible of suspension, interruption or renunciation-something we expressly hold today is not necessary for us to conclude a statute is peremptive. The plain language of the statute, the fact that the statute would be meaningless if we allowed the time limitation thereunder to be suspended, interruption or renounced, the obvious legislative intent to create a time limitation for these types of contracts which would be shorter than that applicable to private works contracts, and the public policy underlying the statute which mitigates in favor of providing certainty and finality to these types of claims in order to reduce contract costs, all lead us to conclude La. R.S. 38:2189 is a statute of peremption.
State, ex rel. Division of Administration v. Mclnnis Brothers Construction, 701 So.2d at 946-948 (emphasis added; citations and footnotes omitted).

Contra non valentem is traditionally applied to suspend the running of liberative prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; and (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action. State, ex rel. Division of Administration v. Mclnnis Brothers Construction, 701 So.2d at 940, citing Corsey v. State, through Department of Corrections, 375 So.2d 1319, 1321 (La. 1979). The doctrine of contra non valentum does not apply to a peremptive period. Contra non valentem has always been a judicially created equitable doctrine applied to ameliorate the harshness which would result from the strict application of prescription in certain situations. State, ex rel. Division of Administration v. Mclnnis Brothers Construction, 701 So.2d at 939-940.

Of note, the version of LSA-R.S. 38:2189 analyzed in Mclinnis is the same version in effect herein.

Considering our finding herein that the district court correctly determined that LPWD's claims against Digco were extinguished upon expiration of the five-year peremptive period set forth in LSA-R.S. 38:2189, we find it unnecessary to discuss the applicability of LSA-R.S. 9:2772.